# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## LELAND L. GRAHAM V. GLOUCESTER FURNITURE CORPORATION.

January 13, 1938.

Present, All the Justices.

The opinion states the case.

*Parrish, Butcher & Parrish,* for the appellant.

*Sinnott & May* and *V. P. Randolph, Jr.,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

Upon the calling of this case, the appellee, by counsel, moved the court to dismiss it upon the ground that the evidence and incidents of the hearing before the Industrial Commission are not properly before the court, because the record is only certified by the secretary of the commission.

The contention of appellee is that appeals from the Industrial Commission shall be in the same manner as appeals in equity, and that the evidence and other incidents of the hearing should have been preserved by a proper bill of exceptions or by a certificate duly authenticated by some mem-

ber of the Industrial Commission. In support of this contention, appellee cites section 1887 (61) of the Code, which reads as follows:

"Appeals shall lie from such award to the Supreme Court of Appeals in the manner as provided by law in equity cases from circuit and corporation courts; provided, however, that the petition for such appeal shall be presented to the Supreme Court of Appeals, or one of its judges if the court be not in session, within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award. In such case the filing with the clerk of the appellate court of ten neatly typewritten copies of the record, duly certified by the secretary of the commission, shall be taken as a substitute for printing such record. The secretary of the commission shall certify to the appellate court, as a part of the record, all the findings of fact upon which the said action appealed from was based."

In support of counsel's construction of the statute, the case of *Ross Cutter Company* v. *Rutherford,* 157 Va. 674, 161 S. E. 898, 901, is relied upon. That case does not support in its entirety the contention of counsel. It has no reference whatever to the "ordinary" appeal in an equity case, but simply holds that:

"Where testimony is introduced *ore tenus* before the court in a chancery cause it is no more a part of the record than the evidence introduced in a common-law cause, unless it is reduced to writing and made a part of the record either by a decree entered in the cause or by a certificate signed by the judge earmarking and identifying it as the testimony introduced before it *ore tenus.*"

Even where the record is made up of a transcript of the depositions, or a transcript of testimony heard *ore tenus* and properly authenticated by the court and duly filed, or by depositions and testimony, duly authenticated as indicated, the record is in appealable form if the same is properly certified by the clerk of the chancery court. This has been the uniform method of procedure for many years.

Since the creation of the Industrial Commission, it has been the uniform method of procedure to have the record certified to this court by the secretary of the Industrial Commission.

In *Barnes* v. *Commonwealth,* 92 Va. 794, 807, 23 S. E. 784, it is held that where a practice which insures and protects the rights of the parties has been uniformly pursued for a great length of time, such practice should be regarded as showing what the law is on the subject.

In the instant case we are not forced to adopt this salutary rule of construction in order to dispose of the motion to dismiss. In our opinion, section 1887 (61) of the Code affords a solution of the question. That section provides that an appeal shall be taken within thirty days from the date of the award by the commission, and—

"In such case the filing with the clerk of the appellate court of ten neatly typewritten copies of the record duly certified by the secretary of the commission, shall be taken as a substitute for printing such record. The secretary of the commission shall certify to the appellate court as a part of the record all the findings of fact upon which the said action appealed from was based."

The motion to dismiss is overruled.

The controlling facts are these:

The appellant, at the time of the accident to him, was in the temporary employment of the appellee. The regular employer of appellant was the Chesapeake Corporation, at West Point, Virginia, for which he had been working for a period of approximately nine years. The duties of appellant as employee of the Chesapeake Corporation were detailed by him in his examination as a witness in his own behalf. As an expert mechanic it was his duty to supervise and assist in keeping in repair the pipe lines running from the power house to the paper mills connected with the plant; to pack the pumps; to attend to the re-tubing of evaporators; to pack the boilers; to pour babbitts in bearings; to keep the gaskets in the lines; to repair and keep in condition the turbines at the mill; and to repair the motors and generators at the air compressor. In performing these va-

rious duties, appellant worked a greater portion of the time in the boiler room. He was paid for his services as an expert mechanic, by the Chesapeake Corporation, the sum of thirty-six dollars per week.

The finding of facts in regard to the employment of appellant by the appellee and his duties under that employment, by KIZER, the hearing commissioner, were affirmed by the full commission and are set forth in the opinion of DEANS, Commissioner, as follows:

"The evidence in this case shows that the claimant was not a regular employee of the Gloucester Furniture Corporation but had been working for the Chesapeake Corporation for about nine years. His duties with the Chesapeake Corporation were those of a mechanic. In addition he was supposed to watch and direct other men in the conduct of mechanical work and these men would report accidents to him. He admitted the work he was doing for the Gloucester Furniture Corporation was not the same type of work that he was regularly engaged in doing for the Chesapeake Corporation. At the time of the accident he was engaged in the erection and conditioning of a smoke stack for the Gloucester Furniture Company. On one occasion he was painting a stack for this same concern and found that it was defective and insisted that somebody else do the work. This was done. On another occasion he inspected a fire tank for this concern after which a Richmond contractor painted it. His duties with the Chesapeake Corporation were more of a supervisory capacity, as he indicated that he was supposed to direct and watch other men under him in the conduct of their mechanical work. In this instance he was actually doing the work, which was of a temporary nature and which was in the capacity of a steeplejack or stack-climber rather than of a mechanic."

The Industrial Commission fixed the weekly compensation to be paid appellant at $6.00 per week.

The sole contention of appellant is that he was, as an employee of appellee, engaged at the time of the accident in the same character of work performed by him for the

Chesapeake Corporation, for which he was paid the sum of $36.00, and, therefore, he is entitled to the maximum rate of compensation.

In our opinion it is unnecessary to enter upon a discussion of the rule that where an employee renders similar services to two employers he is, in case of accident, entitled to the maximum rate of compensation. That question is not presented by the facts disclosed by the record. The hearing commissioner found as a fact that the work performed by appellant for appellee was not the same character of work as that performed by appellant for his co-employer, the Chesapeake Corporation. That finding was affirmed by the full commission and, in our opinion, if additional support for the proposition is needed, it is found in the admission of appellant. When examined as a witness he was asked this question:

"Q. Was the nature of the work you were doing for the Gloucester Furniture Corporation the same as you did for the Chesapeake Corporation?"

His answer was:

"No, it wasn't the same. In a mechanical way it would be. That would be kind of hard for me to answer."

For the reasons stated, the award of the Industrial Commission is affirmed.

*Affirmed.*