370 So.2d 921 (1979)
Paul Donald SULLIVAN
v.
CITY OF OKOLONA and United States Fidelity and Guaranty Company.
No. 51112.
Supreme Court of Mississippi.
May 2, 1979.
John D. Sibley, Okolona, for appellant.
Kenneth M. Burns, Okolona, for appellees.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This is a workmen's compensation case wherein the claimant, Paul Donald Sullivan, *922 brought suit against the appellees, City of Okolona, employer, and United States Fidelity and Guaranty Company, carrier, for injuries sustained during the course and scope of his employment with the City of Okolona as a volunteer fireman.
The claimant was regularly employed as a presser at a local factory and earned an average weekly salary of approximately $200.00 per week at the time he was injured.
Also, from as early as 1965, claimant worked as a volunteer fireman with the City of Okolona. He was compensated at the rate of $2.50 for fires when the hose was not removed from the truck and $5.00 when the hose was removed. From July 19, 1973 until July 19, 1974, claimant attended nine fires and received compensation totalling $35.00.
On July 19, 1974, the claimant, in his capacity as a volunteer fireman, while helping fight a fire for the city, was injured when the porch of a burning house collapsed causing him to fall backwards injuring the lower portion of his back.
Dr. Benjamin H. Buchanan, a Tupelo orthopedic surgeon, assessed appellant's disability at twenty-five percent of the body as a whole. The injuries sustained by the appellant were compression fractures to the spine at levels T-12 and L-1.
The claimant was temporarily and totally disabled from July 19, 1974 through December 9, 1974 and was paid compensation benefits for said period of time at the rate of $10.00 per week. Thereafter, several hearings were held, and the administrative judge entered his order in this case on November 5, 1976 holding that the claimant was injured in the course and scope of his employment and was entitled to compensation benefits for twenty-five percent permanent partial disability to the body as a whole and awarded claimant $0.65 per week after determining that the average weekly wage of claimant as a volunteer fireman was the sum of $3.90 per week.
Claimant appealed from the order of the administrative judge to the Full Workmen's Compensation Commission, and an order was entered by the Full Commission dated October 17, 1977 affirming the order of the administrative judge, with the exception that the Full Commission found the award of $0.65 per week for permanent partial disability to be erroneous. In so doing, the Full Commission stated:
To base an award solely on the actual wages earned by claimant in his capacity as a volunteer fireman, . .. would be to render the claim meaningless, as is evidenced by the award of $.65 per week for permanent partial disability. The Full Commission is of the opinion that such a result would not be compatible with the spirit and purpose of the Mississippi Workmen's Compensation Law... .
The case was remanded to the administrative judge for the purpose of holding a hearing to determine the reasonable weekly wage of a fireman performing the work of the claimant in the jurisdiction in which he was working and to recompute claimant's benefits. In so ruling, the Full Commission relied upon its broad equitable powers to arrive at a fair result in determining a claimant's average weekly wage.
Claimant and appellees stipulated that the average weekly wages for a full time fireman in the City of Okolona and in the surrounding area was the sum of $101.53 per week. This stipulation was entered into in lieu of having an additional hearing, as had been previously ordered by the Commission when reversing the administrative judge's original order.
An appeal was prosecuted from the order of the Full Commission by the appellees to the Circuit Court of the Second Judicial District of Chickasaw County, Mississippi.
Thereafter, on July 6, 1978, the circuit judge reversed the order of the Full Commission and reinstated the order of the administrative judge dated November 5, 1976, fixing claimant's permanent partial disability compensation at $0.65 per week, and a judgment was entered accordingly.
From the decision of the circuit court, the claimant brings this appeal.
*923 In this cause the issue between the parties arises from the method used in determining the claimant's average weekly wage. Mississippi Code Annotated section 71-3-31 (1972) provides:
Except as otherwise specifically provided, the basis for compensation under this chapter shall be the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two; but if the injured employee lost more than seven days during such period, although not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. When the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided that results just and fair to both parties will thereby be obtained. Where, by reason of the shortness of time during which the employee has been in the employment of his employer, it is impracticable to compute the average weekly wages by the above method of computation, regard shall be had to the average weekly amount which, during the first fifty-two (52) weeks prior to the injury or death, was being earned by a person in the same grade, employed at the same or similar work in the community. Wherever allowances of any character are made to an employee in lieu of wages or specified as part of the wage contract, they shall be deemed a part of his earnings.
In Dunn's Mississippi Workmen's Compensation section 62 (2d ed. 1967) dealing with average weekly wages, it is stated that "It has been emphasized that the section governing the determination of average weekly wages (Mississippi Code Annotated section 71-3-31 (1972)) is divided into several parts and that each part relates to a different factual situation."
Section 63 of Dunn's states: "The first part of the statute applies where the employee has worked for the same employer for fifty-two weeks without losing more than seven days of time from work." The facts in this case definitely preclude the first part of the formula used in applying section 71-3-31 to determine the wages of the appellant at the time of injury because claimant lost more than seven days.
Section 64 of Dunn's states: "The second part of the statute applies where the employee has been working for the employer over a period of 52 weeks but has lost more than seven days of time during the entire period... ."
Section 65 of Dunn's states that, "The third part of the statute applies when the employment prior to the injury extends over a period of less than 52 weeks. Here, subject to certain exceptions stated below, the gross earnings for the entire period are divided by the `number of weeks and parts thereof during which the employee earned wages.'" It is pointed out that there is an exception to the formula in the third category. It is stated by Dunn's in this section that, "The exception to the formula in the third category occurs if it be found that results which are just and fair to all parties will not be obtained. If, due to the shortness of time in employment, it is impracticable to compute the average by the stated formula, regard shall be had to the average earned by others in the same grade in the same or similar work in the community where the accident occurs."
Dunn's goes further in this section and states that, "But even where the time is adequate for application of the usual formula, the `just and fair' provision is enough to allow the Commission a reasonable area of discretion... ."
The administrative judge determined the claimant's average weekly wage by applying the third part of the statute. In reversing the administrative judge, the Full Commission determined the method of computing *924 claimant's average weekly wage should be based on the average weekly wages for a fireman in the surrounding area, which is the exception to the formula as explained in Dunn's section 65.
We are of of the opinion that neither the first nor the third part of the statute is applicable to the facts in this case but that the second part of the statute applies. If the claimant's status can be categorized at all, since he had been a volunteer fireman since 1965, then he would be classified as a regular volunteer fireman. He served in this capacity knowing that he would only be called to duty a few times each year and would receive minimal compensation, that is $2.50 if the hose was not removed from the truck and $5.00 if the hose was removed from the truck, regardless of the number of hours that it might take to fight any particular fire. It was on this basis that claimant was compensated and we can only assume that it was on this basis that workmen's compensation insurance premiums were paid. Since he only worked nine days during nine different weeks in the fifty-two weeks immediately preceding his injury, it logically follows that he lost the rest of the time. Therefore, his average weekly wage would be determined by dividing his total wage of $35.00 by the number of weeks or parts thereof, being nine, that he worked. Although the same result is reached by this method as to the amount of compensation paid as was determined by the administrative judge, that is, $0.65 per week, the second part of the statute more nearly fits the unusual facts of this case.
We have carefully considered whether the third portion of the statute is applicable which provides that where, by reason of the shortness of time during which the employee has been in the employment of his employer, it is impractical to compute the average weekly wages by the usual method of computation, regard shall be had to the average weekly amount which, during the first fifty-two weeks prior to the injury or death, was being earned by a person in the same grade, employed at the same or similar work in the community. However, we are of the opinion that this part of the statute is not applicable for the reason that the claimant was not of the same grade as a full-time fireman since he was only a volunteer and he did not ever expect to work full time nor to receive the same amount of compensation as that earned by a full-time fireman either by the hour, day, week or month. His employment was expected to be sporadic, his pay minimal and the amount of time worked indefinite.
Although the result in this case is harsh, we are of the opinion that the statute provides no solution that would be just and fair to all parties and that the problem can only be corrected by legislation so that the employee, employer and carrier will know their rights and liabilities thereunder.
The appellant urges this Court to determine the benefits to which he is entitled by combining his wages as a volunteer fireman with those of his regular employment, $200.00 per week, as a presser at a local garment factory. We have carefully considered this proposal but are of the opinion that we are precluded from so doing by the express wording of the Mississippi Workmen's Compensation statute (Section 71-3-31) which provides that:
Except as otherwise specifically provided, the basis for compensation under this chapter shall be the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two; ... (Emphasis added).
At the time of appellant's injury, he was in the employment of the City of Okolona as a volunteer fireman, and it is on this basis that his compensation must be determined since he does not fall within any exceptions to the statute.
The judgment of the circuit court is affirmed.
AFFIRMED.
*925 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.