## Manassas

ROBERT L. HUDSON

v.

ARTHUR TREACHERS, et al.

No. 0988-85

Decided May 6, 1986

COUNSEL

James E. Swiger (Ashcraft & Gerel, on brief), for appellant.

Joseph C. Veith, III (Bromley, Brown & Walsh, on brief), for appellee.

OPINION

**KEENAN, J.**—This case presents the issue whether the Industrial Commission erred in refusing to combine an employee's wages in concurrent dissimilar employment for the purpose of calculating his "average weekly wage" under Code § 65.1-6. We conclude that the Commission did not err and affirm.

Robert L. Hudson was injured while working part-time as a food fryer for Arthur Treachers. As a result, he was unable to perform this part-time job as well as his full-time job as a concrete finisher. The parties entered into a Memorandum of Agreement on November 10, 1983, which fixed compensation at $69.25 per week, based upon the pre-injury average weekly wage of $84.00. On February 17, 1984, the Commission entered its award based upon this Memorandum of Agreement. The amount of the award was based solely upon Hudson's part-time employment with Arthur Treachers. At the time of the accident, Hudson was also earning an additional $220.00 per week in his full-time employment.

On October 23, 1984, Hudson filed an application for hearing seeking to amend his average weekly wage by including his earnings from his full-time employment. A deputy commissioner denied Hudson's application, finding that under existing Virginia law wages earned in dissimilar employment may not be combined in determining a claimant's pre-injury average weekly wage. This opinion was affirmed by the full Commission.

On appeal, Hudson argues that the "dissimilar employment rule" is not compelled by Code § 65.1-6 or by prior case law of the Supreme Court. He further submits that the application of this doctrine is unfair because his work incapacity extends to his full-time job as a direct result of the compensable injury sustained in part-time employment, and that therefore, his compensation should be calculated based on his earnings in both jobs. Hudson

also contends that the trend in other jurisdictions has been to allow the combining of wages earned in dissimilar employment. *Foreman* v. *Jackson Minit Markets*, 265 S.C. 164, 217 S.E.2d 214 (1975); *American Uniform & Rental Service* v. *Trainer*, 262 So.2d 193 (Fla. 1972). In response, Arthur Treachers argues that: (1) the claimant cannot seek amendment of his previously agreed average weekly wage without showing fraud, imposition, or mutual mistake of fact, and (2) the "dissimilar employment rule" is a well-established doctrine in this state which is dispositive of the case before us.

Arthur Treachers argues that agreed awards of the Commission may not be altered without a showing of fraud, imposition or mutual mistake of fact. *See J & D Masonry* v. *Kornegay*, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982). We do not resolve this issue, however, because Arthur Treachers did not make this argument before the Commission. Instead, it relied solely on the position that the "dissimilar employment rule" is the law of this Commonwealth and should be upheld. On appeal, therefore, Arthur Treachers has asked us to consider an additional, and totally different, ground of defense which was never asserted in the proceedings below. Neither Hudson nor the Commission was given an opportunity to consider this argument and evaluate it in the context of the facts presented in this case. For this reason, it is not properly before us on appeal. *See Eason* v. *Eason*, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963).

We turn now to Hudson's argument that the "dissimilar employment rule" is not compelled by Code § 65.1-6 or by prior decision of the Supreme Court. Code § 65.1-6 provides three alternative methods for computing a claimant's pre-injury average weekly wage. Hudson urges that we interpret the third method of calculation set forth in Code § 65.1-6 to permit combination of wages from concurrent dissimilar employment. That portion of Code § 65.1-6 provides:

But when for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

Both parties acknowledge that this language does not specifically prohibit the combination of wages from concurrent dissimilar employment. The issue then becomes whether this language *permits* the combination of wages earned from concurrent dissimilar employment in determining the claimant's average weekly wage.

The same statutory language was interpreted by the Industrial Commission in *Thompson* v. *Herbert*, 4 O.I.C. 310 (1922). The Commission held that the combination of wages earned in dissimilar employment was not permitted because to do so would contradict the statutory definition of "average weekly wage" as "the earnings of the injured employee *in the employment in which he was working at the time of the injury*." *Id.* at 316 (emphasis in original). Since the decision in *Thompson*, the Commission has uniformly continued to allow the combination of wages earned in similar employment while denying the combination of wages earned in dissimilar employment.

Because the "dissimilar employment rule" has been consistently applied by the Commission over the last sixty years, we must presume that the legislature was aware of, and is in agreement with, this practice.

> The elementary rule of statutory interpretation is that the construction accorded a statute by public officials charged with its administration and enforcement is entitled to be given weight by the court. The legislature is presumed to be cognizant of such construction. When it has long continued without change the legislature will be presumed to have acquiesced therein.

*Peyton* v. *Williams*, 206 Va. 595, 600, 145 S.E.2d 147, 151 (1965); *Baskerville* v. *Saunders Oil Co.*, 1 Va. App. 188, 193, 336 S.E.2d 512, 514 (1985).

In *Graham* v. *Gloucester Furniture Corp.*, 169 Va. 505, 194 S.E. 814 (1938), the Supreme Court inferentially recognized the "dissimilar employment rule." It held that because the Industrial Commission had made a factual finding that Graham's two jobs did not involve work of the same character, the court was not required to examine the combination of wages to determine the

maximum rate of compensation. *Id.* at 510, 194 S.E. at 816. We believe that this holding represents an acknowledgment and approval of the Commission's practice of denying the combination of wages earned in dissimilar employment for purposes of determining a claimant's pre-injury average weekly wage.

Hudson next argues that two changes to Code § 65.1-6 demonstrate a movement by the legislature away from the "dissimilar employment rule." The first change, he argues, is the addition of the phrase "Unless the context otherwise requires . . ." at the beginning of Code § 65.1-6. If we were to accept Hudson's interpretation that this language refers to the factual context of each individual case, this would be tantamount to authorizing the statute to be rewritten with each new case. Therefore, we cannot accept this argument and instead, find that the "context" referred to in Code § 65.1-6 is necessarily the context of the entire Workers' Compensation Act.

The deletion of the word "shall" from the first sentence of Code § 65.1-6 is the second change which Hudson argues in support of his contention that the legislature intended to change the "dissimilar employment rule." We disagree with Hudson that the change from "shall mean" to "means" operates to give the Commission discretion to combine wages from dissimilar employment. Instead, we agree with the Commission's reasoning as to the effect of this change. On page 3 of its opinion in this case, the Commission stated:

> We believe that the verb "shall mean" was redundant in the first place. The verb "means," without any qualification at that point, is used to signify or denote that which follows: . . . "the earnings of the injured employee in the employment in which he was working at the time of the injury" and nothing more or less. We believe this definition applies equally in the second paragraph of the statute since the term is not redefined or qualified therein.

Finally, we must observe that had the legislature intended to alter the "dissimilar employment rule," it could have simply added language to Code § 65.1-6 permitting the combination of wages earned in dissimilar employment for the purposes of com-

puting a complainant's pre-injury "average weekly wage." Therefore, while Hudson has demonstrated that certain inequities result from the application of the "dissimilar employment rule," we believe that the Supreme Court's decision in *Graham*, as well as the absence of any amendment to Code § 65.1-6, establish this doctrine as the prevailing rule in Virginia.

For the reasons stated above, we affirm the Commission's dismissal of Hudson's application and find that the computation of his average weekly wage properly excluded the wages he received from employment with the R&D Construction Corporation.

*Affirmed.*

Cole, J., and Duff, J., concurred.