455 S.E.2d 722

## WOOD PRODUCTS OF VIRGINIA

v.

**Thomas JAMES, Jr., Augusta Lumber and Supply, Inc. and Uninsured Employers' Fund.**

**Record No. 1191–94–4.**

Court of Appeals of Virginia, Alexandria.

April 4, 1995.

William C. Walker, Norfolk (Donna White Kearney, Taylor & Walker, P.C., on brief), for appellant.

David M. Kopstein, Washington, DC (Dross, Levenstein, Perilman & Kopstein, on brief), for appellee Thomas James, Jr.

No brief or argument for appellees Augusta Lumber and Supply, Inc. and Uninsured Employers' Fund.

Present: BARROW,* KOONTZ and FITZPATRICK, JJ.

FITZPATRICK, Judge.

In this workers' compensation case, Wood Products of Virginia (Wood Products)[1] appeals the commission's decision awarding benefits to Thomas James, Jr. (claimant). Wood Products argues that the commission erred in: (1) including claimant's independent contractor earnings when calculating his average weekly wage, and (2) finding that claimant's independent contractor work was similar to his employment with Augusta Lumber and Supply, Inc. (Augusta Lumber). Finding no error, we affirm the commission.

## BACKGROUND

On February 15, 1989, claimant suffered numerous injuries, including the loss of one leg, while working for Augusta Lumber. The injury occurred on the first day of employment with Augusta Lumber, and claimant has not worked since the accident. Before the accident, Augusta Lumber's intent was to hire claimant to load and haul lumber over short distances for one four-day work week per month. Claimant was also a self-employed, long-haul truck driver three weeks each month, and his earnings as an independent truck driver represented the bulk of his wages.

In 1993, this Court held that claimant was an employee of Augusta Lumber, not an independent contractor, and remanded the case to the commission for a determination of the claimant's average weekly wage. *See James v. Wood Products of Virginia*, 15 Va.App. 754, 427 S.E.2d 224 (1993). This

---

* Judge Barrow participated in the hearing and decision of this case prior to his death on March 28, 1995.

1. Wood Products was the self-insurance group to which Augusta Lumber and Supply, Inc. (Augusta Lumber) belonged at the time of claimant's accident. Augusta Lumber did not appeal the commission's decision.

Court declined to address whether claimant's independent contractor earnings should be included in his average weekly wage and left the issue for further commission consideration. *Id.* at 758, 427 S.E.2d at 226–27.

On remand, the commission found that claimant was employed as a truck driver and his employment encompassed both his work as a self-employed independent contractor and as an employee of Augusta Lumber. The commission included claimant's earnings as an independent contractor when calculating his average weekly wage and determined that this calculation "would most closely approximate the claimant's anticipated earnings in his employment as a truck driver and the wages which his injury precludes him from earning."

## INDEPENDENT CONTRACTOR EARNINGS AND AVERAGE WEEKLY WAGE

Wood Products contends that claimant's earnings from his independent, long-haul truck driver employment should be excluded from the average weekly wage calculation and that only wages from his employment relationship should be considered. Additionally, Wood Products argues that, even if independent contractor earnings are included in the calculation of a worker's average weekly wage, the earnings in this case should be excluded under the "dissimilar employment" rule.

Code § 65.2–101(A) defines "average weekly wage" as follows:

1. The earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury....

2. When for exceptional reasons the foregoing would be unfair either to the employer or employee, *such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.*

(Emphasis added). " 'The reason for calculating average weekly wage is to approximate the economic loss suffered by an employee or his beneficiaries when there is a loss of earning capacity because of work-related injury or death.' " *Chesapeake & Potomac Tel. Co. v. Williams,* 10 Va.App. 516, 519–20, 392 S.E.2d 846, 848 (1990) (quoting *Bosworth v. 7–Up Distrib. Co.,* 4 Va.App. 161, 163, 355 S.E.2d 339, 340 (1987)).

Whether the commission may consider an employee's independent contractor earnings in calculating his average weekly wage was left unresolved in *Metropolitan Cleaning Corp., Inc. v. Crawley,* 14 Va.App. 261, 264, 416 S.E.2d 35, 37 (1992) (en banc). However, we held that "an employee's 'average weekly wages' also include an employee's earnings from similar services for employment *not covered* by the Workers' Compensation Act." *First Virginia Banks, Inc. v. McNeil,* 8 Va.App. 342, 344, 381 S.E.2d 357, 358 (1989) (emphasis added). We hold that, even though independent contractors are not covered under the workers' compensation system, in an appropriate case, the commission may include earnings from similar independent contractor work when calculating a claimant's average weekly wage.

" 'It lies within the commission's authority to determine the facts and the weight of the evidence, and its findings in that regard, when supported by credible evidence, will not be disturbed on appeal.' " *Dominion Associates Group, Inc. v. Queen,* 17 Va.App. 764, 767, 441 S.E.2d 45, 46 (1994) (quoting *Rose v. Red's Hitch & Trailer Serv., Inc.,* 11 Va.App. 55, 60, 396 S.E.2d 392, 395 (1990)). In this case, pursuant to Code § 65.2–101(A)(2), the commission included claimant's independent contractor earnings because: (1) these earnings represented the greater portion of claimant's earnings as a truck driver, and (2) the combination of these earnings with claimant's wages from Augusta Lumber "most closely approximate[d] the claimant's anticipated earnings in his employment as a truck driver." Under these circumstances, we cannot say that the commission erred in including claimant's independent contractor earnings when calculating his average weekly wage.

██ Wood Products's argument that claimant's independent contractor earnings should be excluded under the dissimilar employment rule is also without merit.

The elementary rule of statutory interpretation is that the construction accorded a statute by public officials charged with its administration and enforcement is entitled to be given weight by the court. The legislature is presumed to be cognizant of such construction. When it has long continued without change the legislature will be presumed to have acquiesced therein.

*Hudson v. Arthur Treachers*, 2 Va.App. 323, 326, 343 S.E.2d 97, 99 (1986). When calculating average weekly wages, the commission since 1922 "has uniformly continued to allow the combination of wages earned in similar employment while denying the combination of wages earned in dissimilar employment." *Id.* We held that the requirement of similar employment is equally applicable to an average weekly wage determined under former Code § 65.1–6(A)(2) (now Code § 65.2–101(A)(2)). *Id.* at 327–28, 343 S.E.2d at 100. Credible evidence supports the commission's finding that claimant's independent contractor work as a long-haul truck driver was sufficiently similar to his work for Augusta Lumber as a short-haul truck driver to permit the inclusion of his independent contractor earnings when calculating his average weekly wage.

Accordingly, we affirm the commission.

*Affirmed.*