COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


DINWIDDIE COUNTY SCHOOL BOARD
                                          OPINION BY
v.    Record No. 0081-98-2      JUDGE RUDOLPH BUMGARDNER, III
                                         NOVEMBER 3, 1998
DELORICE M. COLE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Daniel E. Lynch (S. Vernon Priddy, III;
            Sands, Anderson, Marks & Miller, on brief),
            for appellant.

            Eileen McNeil Newkirk (Taylor, Hazen,
            Kauffman & Pinchbeck, PLC, on brief), for
            appellee.


        Dinwiddie County School Board appeals a decision of the

Workers' Compensation Commission awarding lost wages to Delorice

M. Cole.  The commission calculated average weekly wages by

combining the earnings Cole received from each of the two jobs

she held with the School Board.  For the following reasons, we

affirm the commission's decision.

        Neither party disputes the facts.  Cole held one job as a

bus driver and a second job as a teacher's aide.  She had

separate contracts for each job, and different departments of the

School Board paid her from separate budgets.  She injured her

shoulder while working as a teacher's aide, but the injury

prevented her from driving her school bus.  Cole filed a workers'

compensation claim for medical treatment and lost wages.  The

deputy commissioner awarded no lost wages but did award

reasonable and necessary medical treatment.  The deputy commissioner ruled that the doctrine of substantially similar employment applied.  However, he found that Cole's two positions were dissimilar and did not combine the wages from the two jobs.  Cole appealed to the commission, and it reversed the denial of lost wages.  The commission agreed that the jobs were dissimilar but calculated Cole's average weekly wage by combining income from both positions.  The commission awarded her temporary partial disability benefits for lost earnings.

On appeal, the School Board argues that the commission erred by combining earnings from the two jobs.  The School Board contends the commission could combine the weekly wages only if the jobs were similar because the substantial similarity doctrine controls.  Cole counters that the commission properly combined the wages because the doctrine is inapplicable when the claimant works for a single employer.

The commission sought to determine the purpose for combining wages under the substantial similarity doctrine when the jobs are similar but not combining them when the jobs are dissimilar.  See Creedle Sales Co., Inc. v. Edmonds, 24 Va. App. 24, 27, 480 S.E.2d 123, 124 (1997).  The commission noted that workers' compensation is designed to place the economic burden of work-related injuries on industry and, more specifically, on the employer.  See 5 Larson, Workers' Compensation Laws § 60.31(f) (1997).  The rationale for the approach is to prevent the costs

of injury being out of proportion to the industry's payroll or risks. If an employee works for only one employer, the burden is not out of proportion to the employer's payroll or the industry's risks. The single employer is not being forced to assume responsibility for the wages paid by some other employer or the risks of some other industry. Combining a claimant's wages paid by a single employer for two jobs performed is fair to the single employer because that employer had already assumed the liability risk. The commission concluded, "[t]hus, the question of whether the employment is similar or dissimilar should not be relevant where the employer is the same, and only the jobs are different." Cf. Marianna School Dist. v. Vanderburg, 700 S.W.2d 381 (1985) (injured claimant who worked as bus driver and as food service worker for two employers did not have wages combined because doing so would impose liability not necessarily assumed by the employers).

We construe the Workers' Compensation Act liberally for the benefit of employees and give great weight to the commission's construction of the Act. See City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). The substantially similar doctrine prevents combining salaries from two separate jobs if the jobs are not similar. The rationale for applying the doctrine is not present when the two jobs are performed for the same employer. The decision of the commission is in keeping with the purpose of the Act. We give it deference because we cannot

- 3 -

say it is wrong as a matter of law.

Finding no reason to disturb the commission's decision awarding Cole lost wages based on the combined average weekly wage of both positions, we affirm the commission's findings.

<u>Affirmed.</u>