Present:  All the Justices

DINWIDDIE COUNTY
SCHOOL BOARD, ET AL.                    OPINION BY
                                  CHIEF JUSTICE HARRY L. CARRICO
v.  Record No. 982520                   November 5, 1999

DELORICE M. COLE

               FROM THE COURT OF APPEALS OF VIRGINIA

     Under the Virginia Workers' Compensation Act, awards of

compensation benefits are based upon the average weekly wage.

Code § 65.2-101.  In the present case, the question presented is

whether an employee who performs two separate jobs for her

employer and is injured in one may combine the wages received

from both in calculating the average weekly wage for

compensation purposes.  Finding that the Workers' Compensation

Commission (the Commission) did not err in combining the

employee's wages and awarding compensation accordingly, we will

affirm.

     The employee, Delorice M. Cole (Cole), has been employed by

the Dinwiddie County School Board (the School Board) as a school

bus driver for thirty-one years and as a teacher's aide for

twenty years.  Each year, she signs a separate contract for each

position, and she is paid by the School Board separately for

each job.  Although the School Board has only one bank account,

Cole is paid from the Transportation Department's budget for her

service as a school bus driver and from the Special Education Department's budget for her work as a teacher's aide.

On December 2, 1996, while performing her job as a teacher's aide, Cole fell and injured her shoulder. Her injury did not prevent her from performing as a teacher's aide and she lost no time from work in that capacity, but the injury did prevent her performance as a school bus driver and she lost certain periods of time from work in that job.

On January 30, 1997, Cole filed with the Commission a claim seeking the award of medical benefits as well as temporary disability benefits for periods of lost work as a school bus driver. A deputy commissioner heard the case. Applying what has been termed the "dissimilar employment rule" or the "substantially similar doctrine," the deputy commissioner found that, "[a]lthough there are minor overlapping duties required in the jobs of bus driver and teacher's aide, . . . the two jobs are not sufficiently 'similar' . . . to aggregate the earnings in calculating the average weekly wage." Accordingly, the deputy commissioner awarded Cole no benefits for lost wages but did allow her "medical benefits causally related to the industrial accident."

Cole appealed to the full Commission. The Commission agreed that Cole's jobs were dissimilar but held that "[s]ince the employer is the same, the wages earned in both jobs should

2

be combined." Cole v. Dinwiddie County School Bd., 76 O.W.C. 480, 485 (1997). Accordingly, the Commission calculated Cole's average weekly wage based upon her combined income from both positions and awarded her payment of temporary partial disability benefits for lost earnings. Id. at 485-86.

The School Board appealed to the Court of Appeals, and that Court affirmed the Commission's award. Dinwiddie County School Bd. v. Cole, 28 Va. App. 462, 465, 506 S.E.2d 36, 37 (1998). We awarded the School Board this appeal.[*]

Code § 65.2-101, part of the Virginia Workers' Compensation Act, states that "'[a]verage weekly wage' means . . . [t]he earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two . . . ." (Emphasis added.) The parties focus their argument on the phrase, "in the employment," italicized above, and debate the applicability of the dissimilar employment rule to the situation at hand, i.e., where there are two jobs but only one employer.

The School Board argues that, in this situation, the Workers' Compensation Act required the Commission "to analyze the similarity of the employee's two jobs and to combine the

---

[*]Virginia Municipal Group Self-Insurance Association is also a party appellant.

3

earnings from each job only if the two employments are 'similar'" and that the Commission "wrongly disregarded the dissimilarity of Cole's two jobs . . . and combined the wages . . . to calculate the average weekly wage."  Cole argues that the substantial similarity doctrine simply does not apply "when the employee works for one employer, albeit in two positions."

Code § 65.2-101 does not define the phrase, "in the employment," or mention the terms, "similar," "substantially similar," or "dissimilar."  The statute, therefore, is not the source of the dissimilar employment rule.  Rather, the rule originated in the decision of the Industrial Commission (now the Workers' Compensation Commission) in Thompson v. Herbert, 4 O.I.C. 310 (1922).  That case involved an employee who worked part time as a handy man at a cold storage plant and part time as a teacher in the public schools.  He was killed while working at the cold storage plant, and his widow sought to combine his earnings from that job with his earnings as a school teacher.  Considering the same statutory language that is now contained in Code § 65.2-101 and finding that the deceased's two jobs were "totally different," the Commission held it was not permissible to combine wages earned in dissimilar employment because such action would "nullify" the statutory language defining "average weekly wage" as "the earnings of the injured employee in the

4

employment in which he was working at the time of the injury." *Id.* at 316.

This Court has considered the dissimilar employment rule on two previous occasions, and, in each instance, has applied the rule to deny the aggregation of earnings in dissimilar employment in calculating the average weekly wage. *Uninsured Employer's Fund v. Thrush*, 255 Va. 14, 496 S.E.2d 57 (1998) (impermissible to combine wages from regular job as pipelayer with wages from temporary job as painter because of dissimilarity in work); *Graham v. Gloucester Furniture Corp.*, 169 Va. 505, 194 S.E. 814 (1938) (impermissible to combine wages from full-time job as expert mechanic with wages from part-time job as steeplejack because of difference in character of work). But, like the situation in the *Thompson* case decided by the Commission, *Graham* and *Thrush* both involved two employers. So, all three of these prior decisions are inapposite.

In its opinion, the Commission inquired into the question "why wages can be combined if the jobs are similar, but should not be combined if they are not." In response, the Commission said that workers' compensation is designed to place the economic burden of work-related injuries on industry and, more specifically, on the employer. The rationale for the proposition that the costs of work-related injuries should not be expanded beyond similar employment is to prevent the costs

5

from being borne out of proportion to an industry's payroll. There is also a risk factor and a rationale that a low-risk industry should not have to bear the costs of an injury occurring in a high-risk industry. However, the question whether the employment is similar or dissimilar should not be relevant when the employer is the same and only the jobs are different.

The Court of Appeals took the same view. It recognized that "[t]he substantially similar doctrine prevents combining salaries from two separate jobs if the jobs are not similar," but it said that "[t]he rationale for applying the doctrine is not present when the two jobs are performed for the same employer." 28 Va. App. at 465, 506 S.E.2d at 37. The court cited the following reasons for its view:

> If an employee works for only one employer, the burden [of a work-related injury] is not out of proportion to the employer's payroll or the industry's risks. The single employer is not being forced to assume responsibility for the wages paid by some other employer or the risks of some other industry. Combining a claimant's wages paid by a single employer for two jobs performed is fair to the single employer because that employer had already assumed the liability risk.

Id. at 464, 506 S.E.2d at 37. The court also said that the decision of the Commission was in keeping with the purpose of the Workers' Compensation Act and entitled to deference because it was not wrong as a matter of law. Id. at 465, 506 S.E.2d at 37.

The School Board argues, however, that the Court of Appeals erroneously adopted a meaning of the statutory phrase, "in the employment," that emphasizes the relationship of the employee with the employer rather than the type of work being performed by the employee at the time of injury. "In effect," the School Board says, "what the Court of Appeals has done is to change, by judicial fiat, the statutory phrase 'earnings of the injured employee in the employment' to 'earnings of the injured employee with the employer' in defining average weekly wage in this particular fact situation." This means, the School Board claims, that "an employer would be required to pay compensation based on combined earnings in two dissimilar jobs when performed by one employee, but not so if the same jobs were performed by two employees." The School Board maintains "that all an employer has to do to avoid this unfair result is to hire two employees to perform the two jobs."

We disagree with the School Board. The Court of Appeals has not changed anything. It was presented a question of first impression, and it was writing on a clean slate. All it did was to apply clear statutory language in a context not previously considered, one differing from the context in Thompson v. Herbert, where the dissimilar employment rule originated.

When the context differs, nothing in Code § 65.2-101 prevents the placing of emphasis upon the relationship between

7

employer and employee rather than the type of work being performed in determining average weekly wage.  In <u>Thompson v. Herbert</u>, it was necessary for the Commission to place the emphasis upon the type of work being performed because, with two employers of differing identity, whether the two jobs differed or not became the crucial question.

Here, because the employer is of singular identity, the emphasis naturally is upon the employer-employee relationship and the character of the work becomes an irrelevant consideration.  As a matter of common sense and simple logic, it cannot reasonably be doubted that Cole was working "in the employment" of the School Board when she was injured, regardless of whether the particular work she was performing at the time was similar to her other work, whether she had separate contracts for her two jobs, or whether her wages were charged to two separate budgets.

But, should doubt remain, Cole is entitled to the benefit of the doubt.  The provisions of the Workers' Compensation Act "should be liberally construed to carry out [its] humane and beneficial purposes."  <u>Baggett Transp. Co. v. Dillon</u>, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978).  Affirmance of the judgment of the Court of Appeals will accomplish these purposes.

<u>Affirmed</u>.

8