COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


CITY OF DANVILLE SCHOOL BOARD AND
 SCHOOL SYSTEMS OF VIRGINIA
 SELF-INSURANCE ASSOCIATION
                                        MEMORANDUM OPINION*
v.    Record No. 1312-99-2                  PER CURIAM
                                          FEBRUARY 8, 2000
BONNIE LEE WATSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Andrew R. Blair, on brief), for appellants.

            (Bonnie Lee Watson, pro se, on brief).


     City of Danville School Board ("School Board") and its

insurer contend that the Workers' Compensation Commission

(commission) erred in calculating Bonnie Lee Watson's

("claimant") average weekly wage ("AWW") as $663.23 by combining

her wages from three dissimilar jobs she worked for employer

during the fifty-two week period immediately preceding her June

22, 1998 compensable injury by accident.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     The facts are not in dispute.  Claimant was employed

full-time pursuant to a contract with the School Board to

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

perform three distinct jobs. Her annual salary for 1997 was $19,120.52. During the school year, she worked as a bus driver at the rate of $11.14 per hour and as a cafeteria worker at the rate of $10.02 per hour. During the summer, she worked on "textbook duty" at a rate of $6.32 per hour. During most of the year, claimant performed at least two of the jobs on a regular basis. However, during several weeks in the summer, she performed only the textbook duties.

Claimant received one paycheck each week, regardless of whether she performed one or two jobs that week. In determining claimant's overtime pay, the number of hours worked on each of the jobs was aggregated.

On June 22, 1998, claimant sustained a compensable back injury while performing the textbook job. She was disabled from June 23 through August 19, 1998. During the week of her injury, claimant was performing only one job for the School Board. She was scheduled to resume her bus driving duties as well as her textbook duties on August 5, 1998.

The School Board argued before the commission and now argues on appeal that the commission should have calculated claimant's AWW based solely upon the wages she earned in the textbook job because that was the only job she was actually working at the time of her injury. The School Board contends that the commission violated the provisions of Code

§ 65.2-101(1) when it calculated claimant's AWW by combining the wages she earned in all three jobs she worked for the School Board. We disagree.

This case is controlled by Dinwiddie County Sch. Bd. v. Cole, 258 Va. 430, 520 S.E.2d 650 (1999), in which the Supreme Court held that earnings received from two dissimilar jobs with the same employer were properly combined to calculate Cole's average weekly wage. The Supreme Court specifically noted that "nothing in Code § 65.2-101 prevents the placing of emphasis upon the relationship between employer and employee rather than the type of work being performed in determining the average weekly wage." Id. at 436, 520 S.E.2d at 653.

In this case, as in Cole, the claimant was working "in the employment" of the School Board when she was injured, regardless of which specific job she happened to be performing at the precise time of her injury. Under these circumstances and in light of the Supreme Court's holding in Cole, the commission did not err in combining claimant's wages from all three jobs in which she had worked for the School Board during the fifty-two week period immediately preceding her injury in order to calculate her AWW. The School Board's focus upon the phrase "in which he was working at the time of the injury" contained in Code § 65.2-101(1) completely ignores the significance of the phrase immediately thereafter, which states "during the period

of fifty-two weeks immediately preceding the date of the injury."

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>