COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


CITY OF DANVILLE SCHOOL BOARD AND
 SCHOOL SYSTEMS OF VIRGINIA
 SELF-INSURED ASSOCIATION
                                    MEMORANDUM OPINION*
v.   Record No. 2715-01-2              PER CURIAM
                                     FEBRUARY 26, 2002
BONNIE LEE WATSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Andrew R. Blair; Blair Law Offices, on
          briefs), for appellants.

          (Bonnie L. Watson, pro se, on brief).


     Danville School Board (employer) contends the Workers'

Compensation Commission erred in calculating the average weekly

wage of Bonnie Lee Watson (claimant) by combining the wages she

earned in her job as a textbook repairer for employer with the

wages she earned as a bus driver and cafeteria worker for

employer.  Upon reviewing the record and the parties' briefs, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     In ruling that claimant's average weekly wage should be

based on all three dissimilar jobs she performed for employer

during the fifty-two week period immediately preceding her

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

October 4, 1999 compensable injury by accident, the commission found as follows:

> [W]e note that in <u>City of Danville School Board v. Watson</u>, Record No. 1312-99-2 (dec'd February 8, 2000), the Court of Appeals, a case involving the same parties as currently before us, a similar conclusion was reached. In that case, this same claimant was injured during the summer while working as a textbook repairer. At that time, she was not driving a bus or working in the cafeteria. The Court held that all three of the claimant's jobs which she worked for the school board during the 52-week period immediately preceding the injury should be used in calculating her average weekly wage. In doing so, the Court relied on the finding in <u>Dinwiddie County School Board v. Cole</u>, 258 Va. 430, 520 S.E.2d 650 (1999). We find these cases to be controlling. In the current case, the claimant last worked the textbook job on September 9, 1999, shortly over one-month prior to the accident. In the previous year, the claimant also worked the textbook job on intermittent dates throughout the school year. Therefore, she was subject at any time to perform the textbook responsibilities. We note she received one check for all of her work for the school board. Based on the totality of the evidence, we can find nothing to distinguish claimant's current case such as to reach a finding that differs from the Court of Appeals' finding in <u>City of Danville School Board v. Watson</u>, Record No. 1312-99-2 (dec'd February 8, 2000).

We agree with the commission and find that this case is controlled by our decision in <u>City of Danville School Board v. Watson</u>, Record No. 1312-99-2 (Va. Ct. App. Feb. 8, 2000). Nothing distinguishes this case from the previous case. The commission's finding is consistent with the language contained

- 2 -

in Code § 65.2-101(1)(a) requiring that the average weekly wage be calculated using "[t]he earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury . . . ."

For these reasons, we affirm the commission's decision.

Affirmed.