SOUTHWICK, J.,
for the Court.
¶ 1. Judy Ann Young was awarded workers’ compensation benefits due to an injury sustained while employed at Piney Woods School. Piney Woods appeals the determination of Young’s earning capacity and Young cross-appeals the determination of average weekly wage. We conclude that the entire earnings that the claimant was receiving from her sole employer, though earned in two different positions at Piney Woods, are to be considered in determining her average wages. We reverse and remand on that issue but affirm in all other respects.
FACTS
¶2. Piney Woods maintained workers’ compensation insurance through Legion Insurance Company, which is currently in liquidation. Mississippi Insurance Guaranty Association is party to this suit as Legion’s successor-in interest. Young was employed at Piney Woods School full-time as an assistant director and teacher. Young also worked as a part-time house parent when situations arose requiring her to do so. On January 16, 2002, Young sustained • a work-related injury in the course of her full-time employment position at Piney Woods School. Young reached maximum medical improvement on October 7, 2002.
¶ 3. The Workers’ Compensation Commission calculated Young’s average weekly wage as only her salary for the full-time position. Interpreting court precedents, the Commission determined that it could not include her earnings as a part-time house parent. The Commission also examined various other employment opportunities for Young and determined that her present wage-earning capacity, despite having a college degree, was as a cook. On the first level appeal, the Rankin County Circuit Court affirmed the decision of the Commission.
DISCUSSION

ISSUE 1: Calculating Loss of Earning Capacity

¶ 4. Piney Woods argues that its vocational expert’s testimony was disregarded that Young could be earning much more than her current wages as a cook. The employer also argues that the Commission erred in finding that Young’s post-injury wages as a part-time cook were indicative of her current wage-earning capacity in her usual occupation as teacher and day care director.
¶ 5. We review a decision of the Workers’ Compensation Commission as we do those from other agencies, through an evaluation of whether substantial evidence supports the decision, whether it is arbitrary or capricious in result, whether it-is beyond the power of the Commission, and whether it violated statutory or constitutional rights. URCCC 5.03. A decision is supported by substantial evidence if the order is not “clearly erroneous and contrary to the overwhelming weight of the evidence.” Id. The injury to Young’s back is not a scheduled injury. Compensation for a non-scheduled injury is measured by loss of wage-earning capacity. Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 828 *808 (Miss.1991). Loss of wage-earning capacity takes into account training, education, inability to work, not being hired by other employers, continuance of pain, and other related circumstances, and the decision should be made only after the evidence is considered as a whole. DeLaughter v. South Cent. Tractor Parts, 642 So.2d 375, 379 (Miss.1994)-.
¶ 6. Young had surgery in April 2002 and was released to work with permanent restrictions in July 2002. She reported for work at Piney Woods upon being released, but she was notified that her position had been terminated. Young applied for the pre-school director' position but was not hired. She was never contacted about other positions at Piney Woods. Young did not receive any employment offers from her initial job search and contacted most of the employers suggested by the vocational expert whom Piney Woods’ hired.
¶ 7. Young received a bachelor’s degree in education from Jackson State University but is not certified as a teacher. She has twice failed a teacher certification test. Young is currently employed as a part-time cook, working around nine hours per week at $9.00 per hour with an employer that accommodates her restrictions. Even with this accommodation, Young suffers back pain from standing. She takes medication for back pain and cannot perform basic housework. Young is of the opinion that she is unable to perform any job she held prior to her injury as an assistant manager or other positions that involve stooping, lifting, and standing for long periods of time. Piney Woods’ vocational expert assisted Young with seeking employment and recommended jobs paying between $5.15 per hour to $30,000 per year. Young was not qualified for some of the recommended positions and applied to most of the jobs for which she felt qualified.
¶ 8. Young had been paid $26,368 annually for her full-time position at Piney Woods, which is a weekly wage of about $507. The Commission held that Young was unable to earn more than $241 per week and sustained a loss of wage-earning capacity of $265.88 per week. She was awarded permanent partial disability benefits of $177.25 per week for a maximum of 450 weeks.
¶ 9. The administrative judge, affirmed by the Commission, noted that Piney Woods’ vocational expert’s opinion sustained that Young could earn from $206 to $480 per week. The post-injury earning capacity finding of $241 is consistent with the testimony of Piney Woods’ own expert.
¶ 10. Wé find substantial evidence to support the existence of permanent injury, the level of disability that it caused, and the calculation of earning capacity.

ISSUE 2: Calculation of Average Weekly Wage

¶ 11. Young argues that her former earnings as a part-time employee at Piney Woods should have been included in calculating average weekly wage.
¶ 12. An average weekly wage prior to injury creates the basis to determine compensation for an injured worker. Miss. Code Ann. § 71-3-31 (Rev.2000). This wage calculation is “determined from the earnings of the injured employee 'in the employment in which he was working at the time of the injury_” Id. The Commission adopted the administrative judge’s opinion that the Mississippi Supreme Court has interpreted the word “employment” to refer to a specific job. See Sullivan v. City of Okolona, 370 So.2d 921 (Miss.1979). The Court has cited Sullivan in affirming a decision to limit compensation to what a claimant earned “in the job in which he was working at the time of his *809 injury.” Tripp v. Orkin Amusement Inc., 437 So.2d 1013, 1013 (Miss.1983). No facts are stated in the Tripp opinion. Id. We examine Sullivan closely to determine the significance of its language.
¶ 13. A claimant was injured in the course of employment as a volunteer fireman. Sullivan, 370 So.2d at 924. The claimant was not allowed to calculate wages based upon the compensation a permanent fireman would have been receiving because he had been employed only as a volunteer fireman. Id. The claimant was also prohibited from including wages from the claimant’s regular employment at another company as a presser, since he was not injured while working for that employer. Id. We interpret the decision as prohibiting the inclusion of wages from a separate employer or from jobs not even held in calculating average weekly wage.
¶ 14. The situation in the present case is far removed from Sullivan. Young received wages from the same employer for two different positions. She was effectively employed in both positions, one full-time and the other only as-needed. She was injured while working at the full-time position, and the resulting disability bars her from working in either position. The Commission noted that the present situation could also be distinguished from Sullivan because insurance premiums were probably paid on the actual compensation Young received. There is no explicit statutory language or prior caselaw concerning joining the wages earned from the same employer in different job positions in calculating average weekly wage.
¶ 15. Other jurisdictions have faced this issue. Statutory variations may explain some results, and care must be used in examining other states’ workers’ compensation law. Methods used for calculating average weekly wage in situations where a claimant had multiple employments vary in terminology and in substance. See 5 Lar-SONS, WORKERS’ COMPENSATION LAW, § 93.03[l][a] (2004). Some jurisdictions, including Louisiana, Virginia, and Arkansas, include all earnings from the same employer when calculating a claimant’s wage'basis and do not examine whether the work in the different positions was similar. Id. at § 93.03D[l][a] (collecting cases). At least one jurisdiction has reasoned that earnings for concurrent work for the same employer should be included in wage basis calculation because the liabib ity risk has already been assumed by the sole employer, and is not out of proportion to the industry risk or payroll of that employer. Dinwiddie County School Bd. v. Cole, 258 Va. 430, 520 S.E.2d 650, 652-53 (1999).
¶ 16. The earnings from the same employer in a full-time and in an as-needed position are both paid while the claimant is “in the employment” of the insured employer. Miss.Code Ann. § 71-3-31. In this situation, where a claimant has worked for an employer for fifty-two consecutive weeks prior to injury, and works for this employer in more than one position, the Commission has the means to calculate the wages earned by the claimant from the same employer.
¶ 17. We find nothing in statute or precedent to prevent the inclusion of all wages from the same employer in determining average weekly wage for an injured employer. Whether the other position in which a claimant was not engaged at the moment of injury was one in which the claimant should be considered as being contemporaneously employed needs to be determined as a matter of fact. We are only holding that such other position that actually was simultaneously held with the same employer should be considered in the calculation of average weekly wage. Among the problems with the conclusion *810 reached by the Commission is that if an employee is injured while working in the lesser-paying, part-time position, the benefits received would be dramatically less than if the same injury occurs in the higher-paying, full-time position. Such arbitrariness in result serves no purpose under the workers’ compensation scheme.
¶ 18. The Commission has statutory discretion in determining average weekly wage when the fifty-two week period of employment preceding injury is distorted. Miss.Code Ann. § 71-3-31. The Commission can apply this discretion in determining the amount of additional earnings to account for when calculating average weekly wáge. The objective of the Commission is to produce “results just and fair.” Id. The Supreme Court has explained that these results must be “an honest approximation of [the] claimant’s probable future earning capacity.” Wilson v. Service Broadcasters, Inc. (WDAM), 483 So.2d 1339, 1343 (Miss.1986) (quoting LaRson, Law of WORKMEN’S Compensation § 60.11(d), 10-557 (1985)).
¶ 19. The Commission may take into account other factors as well. In Sullivan, the Supreme Court assumed that insurance premiums were paid based upon the amount of compensation paid to an employee. Sullivan, 370 So.2d at 924. Whether Piney Woods paid premiums on the wages Young earned could also be a consideration in determining Young’s average weekly wage. The combined total of these wages should reflect the earnings from the same employer for the fifty-two week period prior to injury and are subject to the statutory. Miss.Code Ann. § 71-3-31.
¶ 20. The determination of Young’s average weekly wage is reversed and the issue is remanded to the Commission for a determination in accordance with this opinion.
¶ 21. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED ON DIRECT APPEAL AND IS REVERSED AND REMANDED ON CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANTS/CROSS-APPELLEES AND ONE-HALF TO THE APPEL-LEE/CROSS-APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.