COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker, Barrow[*], Benton,
Koontz, Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


MAURICE CLAY SATCHELL

v.          Record No. 2186-92-2              OPINION BY
                                        JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                    AUGUST 15, 1995


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

          Craig S. Cooley for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Stephen D. Rosenthal, Attorney
          General, on brief), for appellee.


     In Commonwealth v. Satchell, 15 Va. App. 127, 422 S.E.2d 412

(1992) (Satchell I), an appeal by the Commonwealth pursuant to

Code § 19.2-398, a panel of this Court reversed the trial court's

suppression of evidence relating to cocaine found on Satchell's

person and remanded the case for trial.  In obedience to that

mandate, the trial court admitted the cocaine, and a description

of its seizure, into evidence.  On appeal from his resulting

conviction of possession of cocaine and invoking Code § 19.2-409,

Satchell contends that the cocaine and the circumstances of its

discovery should have been excluded because they derived from an

unlawful seizure of his person.  We agree and reverse the

judgment of the trial court.

_____

     [*]Judge Bernard G. Barrow participated in the hearing of this
case and voted to reverse the judgment prior to his death.

This appeal was assigned initially to a three judge panel. However, thinking that the issues concerning the effect of our decision on interlocutory appeals and the review mandate of Code § 19.2-409 required a prompt full-Court decision, on motion of two members of the panel, we decided to consider this case en banc. Code § 17-116.02(D).

The evidence adduced at the pretrial hearing on Satchell's initial motion to suppress disclosed that:

> In mid-afternoon on December 18, 1991, Sergeant John Buckovich, who was dressed in plain clothes and traveling in an unmarked police car, saw [Satchell] standing with two other individuals on a Richmond street corner known to Buckovich as an area for narcotics trafficking. Buckovich saw [Satchell] hand money to one man and receive something in return. The three men saw the police car as it approached and immediately started to walk away in separate directions. [Satchell] walked to a door stoop, but was unable to enter the locked door.
>
> From these observations, Buckovich believed that criminal activity was transpiring. Buckovich, who had a badge around his neck, approached [Satchell] on the stoop and identified himself. He asked [Satchell], "What's in your hand, pal?" [Satchell] showed his left hand, which was empty. Buckovich then asked [Satchell] what was in his other hand. [Satchell] opened his right hand, which contained two packages of cocaine. Buckovich arrested [Satchell]. Buckovich testified that until he observed the cocaine and made the arrest, Satchell was free to leave at any time or to ignore Buckovich's questions.

Satchell I, 15 Va. App. at 129, 422 S.E.2d at 413. The trial court ruled that Buckovich's observations were insufficient to establish the level of suspicion required to justify a seizure of Satchell's person. The Commonwealth did not contest that ruling in Satchell I and does not contest it in this appeal.

The trial court found that a person in Satchell's position would reasonably have believed that he was not free to leave or to disregard Buckovich's questions. It ruled that Satchell had been seized and that the seizure, being unsupported by the requisite reasonable suspicion, was unlawful. It suppressed evidence of the cocaine and the circumstances surrounding its discovery.

The Commonwealth appealed the suppression ruling pursuant to Code § 19.2-398. Holding that, under the recited circumstances, Buckovich had not seized Satchell, a panel of this Court reversed the suppression ruling and remanded the case for trial. The panel noted:

> [A] law enforcement officer does not violate the fourth amendment by merely approaching an individual in a public place and asking questions of the person if the individual is willing or chooses to remain and answer them. There must be some coercion or show of force or authority by the officer, measured by objective standards, that would cause a person so situated reasonably to have believed that he or she was required to comply with the officer's requests.

Id. at 131, 422 S.E.2d at 415 (citation omitted). The panel analyzed the facts as follows:

> Sergeant Buckovich approached Satchell in midday in public and asked him what was in his hand. The officer made no show of authority other than his presence, he was not in uniform, he displayed no weapon, he was a lone officer, and, insofar as the record reflects, he made no command nor adopted a threatening tone. A question, as directed by Buckovich, is less coercive than a demand, as made by the officer in Baldwin [243 Va. 191, 413 S.E.2d 645 (1992)]. In Baldwin, the police officer's demand, coupled with the shining of a floodlight and a request for identification, was held not to constitute a seizure. The Court found that a reasonably prudent person under those circumstances

would not have believed his freedom of movement was restrained. In this case, the trial court ruled that a reasonably prudent person in Satchell's position, when approached by an officer and asked what was in his hand, would have believed he was not free to leave.
. . . Absent factors of coerciveness or factors that would have confined Satchell, we find no evidence to support the ruling by the trial judge.

Id. at 132, 422 S.E.2d at 415.

At trial upon remand, the trial court reopened the admissibility issue concerning the cocaine and the circumstances of its discovery. The evidence at trial established, in addition to the scenario described in Satchell I, that four officers exited the police vehicle, that Buckovich walked swiftly toward Satchell and followed him onto the porch of a nearby building, that Satchell attempted to enter the building but was prevented from doing so by a locked door, and that Buckovich, although wearing plain clothes, displayed a visible firearm. Buckovich testified that he "hoped" Satchell would comply with his request. He said that he would have pressed Satchell for compliance, although "if he wanted to leave there was no way that I could keep him. I didn't have any right to hold him . . . ." Buckovich acknowledged that he was attempting to conduct an investigative detention. Adhering to its previous factual findings and reaffirming its earlier conclusion that a reasonable person would not have felt free to leave under the circumstances, the trial court ruled, "I am fully aware of my obligation to follow the holdings of the Court [of Appeals], and for that reason I deny [the objection to the evidence]."

Before addressing the merits of the case, we confront three threshold questions: (1) the reviewability of the issue decided in Satchell I, (2) the context of review, and (3) the standard of review.

## Reviewability

Relying on Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990), and Robinson v. Commonwealth, 13 Va. App. 540, 543, 413 S.E.2d 661, 662 (1992), the Commonwealth contends that the holding in Satchell I is stare decisis as to the admissibility issue raised in this appeal. We find this argument unpersuasive. Burns and Robinson concerned rules of law developed in the normal appellate process. The holding in Satchell I addressed the admissibility of specific items of evidence, not in the context of the normal appellate process, but in the context of a special, prospective, interlocutory, and limited appellate review.

> Code § 19.2-408 provides:
> The decision of the Court of Appeals shall be final for purposes of an appeal pursuant to § 19.2-398 . . . and no further pretrial appeal shall lie to the Supreme Court.

No provision is made for rehearing en banc. Code § 19.2-409 provides, in pertinent part:
> Such finality of the Court of Appeals' decision shall not preclude a defendant, if he is convicted, from requesting the Court of Appeals or Supreme Court on direct appeal to reconsider an issue which was the subject of the pretrial appeal.

The purpose of Chapter 25 of Title 19.2 of the Code (§§ 19.2-398,

et seq.) is to afford the Commonwealth a limited right of appeal under certain carefully specified circumstances. Those appeals are pre-trial, and the statutory scheme plainly contemplates that rulings on such appeals are interlocutory and reversible, as are the reviewed trial court rulings. This conclusion is made plain by the early finality and limitation of appellate review set forth in Code § 19.2-408 and by the express provision for reconsideration on direct appeal set forth in Code § 19.2-409. Thus, the holding in Satchell I is not stare decisis as to the admissibility issue raised in this appeal, and that issue is fully reviewable.

### The Context of Review

Although we consider in this appeal the same issue of admissibility considered in Satchell I, this case is not a rehearing of Satchell I. The error assigned is to the trial court's admission of the questioned evidence at trial, following remand under Satchell I. Thus, our inquiry is not confined to the facts before the trial court when it made its initial suppression ruling. Rather, we consider all the facts underlying the ruling admitting the evidence. Had the trial court heard no further evidence on the subject but simply admitted the evidence in obedience to the mandate of Satchell I, our inquiry would, of necessity, address only the circumstances underlying the holding in Satchell I. However, because the trial court heard further evidence on the matter, our inquiry must address the full context

in which the trial court ruled, and we must consider the additional evidence adduced at trial.

## The Standard of Review

Upon review of an evidentiary suppression ruling, we view the evidence in the light most favorable to the party prevailing below, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

This well-established standard is based on deference to the peculiar fact finding capability of the trial court. In appraising the evidence, the trial court is not limited to the stark, written record. The trial court has before it the living witnesses and can observe their demeanors and inflections. In assessing the credibility of witnesses and the weight and significance to be given their testimony, the trial court enjoys advantages not available on appeal.

This case presents an anomaly on review. The trial court made factual findings but ruled contrary to those findings in obedience to the mandate of Satchell I. Under those circumstances, we adopt for this case a standard of review deferential to the trial court's factual findings and confine our inquiry to whether those findings are supported by credible evidence. Those findings, if supported by credible evidence, constitute the factual predicate to which we must apply our legal analysis.

A person is seized "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980); see also Florida v. Royer, 460 U.S. 491, 502 (1983).

> Although the Mendenhall test "is necessarily imprecise" and "flexible enough to be applied to the whole range of police conduct in an equally broad range of settings, it calls for consistent application from one police encounter to the next, regardless of the particular individual's response to the action of the police." Whether a person who encounters a police officer believes he is free to leave must be measured under all the circumstances by an "objective standard – looking to the reasonable man's interpretation of the conduct in question." Whether a seizure has taken place involves factual determinations which bear upon whether a reasonably prudent person would feel that he or she is not free to leave, but whether the evidence is sufficient to support a finding that a seizure has occurred is ultimately a question of law.

Satchell I, 15 Va. App. at 130, 422 S.E.2d at 414 (citations omitted).

Buckovich was one of four officers who exited the police car. Although Buckovich wore plain clothes, he announced his status as a police officer. He wore a badge on a chain around his neck and carried a visible firearm. Walking swiftly, he pursued Satchell onto private property. When Satchell was unable to enter the locked door of the house, he turned and, with his back to the locked door, was confronted by Buckovich on the confines of the porch. This record alone discloses Buckovich in an authoritative and aggressive posture and reveals Satchell, in

effect, being brought to bay. Furthermore, the trial court had the advantage, denied to us, of seeing Buckovich in person, of observing his demeanor, and of assessing his inflection as he described his conduct and questions. The trial court was peculiarly well placed to determine whether those questions took the tone of simple inquiry or of command. The trial court found that a reasonable person in Satchell's situation would not have believed himself free to ignore Buckovich's inquiries and leave. The evidence supports this finding and the trial court's determination that Satchell was seized.

In support of its contention that the circumstances did not effect a seizure of Satchell, the Commonwealth relies on Baldwin v. Commonwealth, 243 Va. 191, 413 S.E.2d 645 (1992). We find Baldwin distinguishable from this case in two major respects.

First, in Baldwin, the Supreme Court, according deference to the trial court's findings of fact, held the evidence sufficient to support those findings, and affirmed the trial court's holding that no seizure had occurred. The same standard of review requires us to affirm the trial court's holding that Satchell was seized.

Second, in Baldwin, the police officers, in a police car, shined a light on Baldwin and directed him to come to them. Baldwin complied, but he could as well have walked the other way. Satchell was confronted by Officer Buckovich in close quarters with his back to a locked door. He lacked the alternative

departure route that was available to Baldwin.

The evidence supports the trial court's holding that Satchell was unlawfully seized.  Because the cocaine in his possession was discovered only upon that unlawful seizure, the trial court should have suppressed it as evidence.  Without the cocaine, the evidence was insufficient as a matter of law to support Satchell's conviction.  Accordingly, we reverse his conviction and order the charge dismissed.

<u>Reversed and dismissed</u>.

BENTON, J., concurring.


I concur in the opinion, except the section titled, "The Context of Review," and I concur in the judgment reversing the conviction. I do not join in the section titled "The Context of Review" because I believe it too narrowly interprets the language of Code § 19.2-409, the statute that controls the scope of our review.[1]

This appeal follows Satchell's conviction for possession of cocaine. Following an interlocutory appeal prior to that trial,

---

[1] I also disagree with the process by which this appeal was considered en banc. Following Satchell's conviction, this appeal followed the usual procedure. When a panel granted the petition for appeal, the appeal was assigned to a panel of three judges who considered the appeal on the record after briefing and oral argument. An opinion was prepared with one judge dissenting. When the opinions were filed in the clerk's office, the dissenting judge requested that the entire Court reconsider the appeal en banc. The Court determined to withhold release of the panel's decision and to consider the appeal anew en banc. I believe that there are sound jurisprudential reasons to avoid a mechanism that allows a dissenting judge to initiate an en banc consideration after a panel has decided a case and before the panel releases its decision.

Although the statutory provisions for hearing a case en banc state that "[t]he Court may sit en banc . . . at any time," Code § 17-116.02(D), the procedure employed to take this case en banc squandered scarce judicial resources. More importantly, however, the procedure employed in this case graphically demonstrates the need for this Court to set standards for en banc review that are published and available to all litigants. All members of the Bar should be informed that assignment of a case to a panel and the panel's consideration of an appeal do not preclude en banc consideration before the panel renders its decision. Although I believe that this process negates the efficiency of the panel process, I also believe that this Court has an obligation to inform the Bar of the procedures that it employs to consider cases en banc.

this Court reversed the trial judge's decision to suppress unlawfully seized evidence.  See Satchell v. Commonwealth, 15 Va. App. 127, 422 S.E.2d 412 (1992).

In pertinent part, Code § 19.2-409 states that "the Court of Appeals' decision [following a pretrial appeal by the Commonwealth] shall not preclude a defendant, if he is convicted, from requesting the Court of Appeals or Supreme Court on direct appeal to reconsider an issue which was the subject of the pretrial appeal."  Consistent with the statute, Satchell asked this Court to review both the trial judge's initial ruling on the suppression motion and the trial judge's decision on remand following the interlocutory appeal.  In particular, the issues presented for review are whether "[t]he . . . [previous] panel erred by reversing the April 10, 1992 ruling of the trial judge granting the original motion to suppress" and whether "[t]he trial court erred in not granting the renewed motion to suppress made October 28, 1992."

This appeal, which invokes the review granted by Code § 19.2-409, requires this Court to conduct a two-step review. First, because Satchell requests it, the Court must conduct a review of the pretrial suppression ruling that was the subject of the initial Commonwealth's appeal.  Code § 19.2-409 by its very terms mandates that review.  On this review, when we "reconsider [the] issue which was the subject of the pretrial appeal," Code § 19.2-409, we must view the evidence from the initial

suppression hearing in the light most favorable to Satchell, who prevailed at that hearing.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

Second, if that initial review results in a renewed holding that the trial judge erred in suppressing pretrial evidence that was the subject of the prior interlocutory appeal, the Court must then review the appeal from the trial judge's denial of the renewed suppression motion made following remand.  At the hearing when the renewed motion to suppress was considered, the trial judge considered new evidence that Satchell presented, and the trial judge ruled anew on the motion to suppress.  Our review of the trial judge's decision following the remand from the interlocutory ruling is consistent with the review in which the majority opinion engages.  This is the review that must be taken even in the absence of a statute such as Code § 19.2-409.

Because this two-step review is statutorily mandated and because it preserves the appropriate standard of review, I would first review the decision of the trial judge initially suppressing the evidence, and I would uphold the trial judge's decision to suppress the evidence.  See, e.g., Satchell v. Commonwealth, 15 Va. App. 127, 132-34, 422 S.E.2d 412, 415-17 (1992) (Benton, J., dissenting).  However, because I believe that the majority's analysis properly decides the second prong of the review, I concur in the judgment reversing the conviction.

BAKER, J., dissenting.


For the reasons set forth in the panel decision, Commonwealth v. Satchell, 15 Va. App. 127, 422 S.E.2d 412 (1992), I respectfully disagree with the majority and would affirm Satchell's conviction.