ELDER, Judge,
dissenting.
I respectfully dissent because I believe the search of appellant’s house exceeded the scope of the anticipatory search warrant and was unreasonable under the fourth amendment. I would therefore reverse the conviction.
As Satchell v. Commonwealth, 20 Va.App. 641, 460 S.E.2d 253 (1995) (en banc), indicates, we must review this issue in the light most favorable to appellant. This is so because the trial court ruled in appellant’s favor on the suppression issue after making findings that “constitute^] the factual predicate to which we must apply our legal analysis.” Id. at 648, 460 S.E.2d at 256.
The record reveals the police obtained an anticipatory search warrant from the magistrate. “An anticipatory search warrant is defined as ‘a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.’” McNeill v. Commonwealth, 10 Va.App. 674, 677 n. 1, 395 S.E.2d 460, 462 n. 1 (1990) (quoting 1 W. LaFave, *140 Search and Seizure § 3.7(c), at 698 (1978)). I agree with the majority that there was probable cause to believe the package of marijuana would be located at appellant’s premises at the time the search was executed. See id. at 680, 395 S.E.2d at 463-64.
However, I do not agree with the majority concerning the lawful scope of the search. “The permissible scope of a search is limited by the terms of the warrant pursuant to which it is conducted.” Kearney v. Commonwealth, 4 Va.App. 202, 204, 355 S.E.2d 897, 898 (1987). In this case, the warrant provided “upon delivery of said package, execution of this search warrant is granted.” The only basis for the issuance of the warrant was the delivery of the specific package of marijuana. Once the package was found, any further search by police was unreasonable and unconstitutional. See Horton v. California, 496 U.S. 128, 140, 110 S.Ct. 2301, 2309-10, 110 L.Ed.2d 112 (1990). The record reveals police testimony to support this conclusion. Detective Byrum, who was in charge of the search, testified that the warrant was invalid until the package was delivered and that the package was the sole object of the search.
In my opinion, the majority misinterprets the authority conferred by the warrant. First, the majority improperly concludes that the anticipatory language limited only the time at which the search could begin. Second, the majority ignores the specific limiting language of the warrant and the facts in the underlying affidavit. It is true that the warrant states that “[t]he things or persons to be searched for are ... marijuana.” However, under the majority’s approach, the warrant is reduced to an unconstitutional “general warrant” that fails to particularly describe the objects to be seized. See Morke v. Commonwealth, 14 Va.App. 496, 419 S.E.2d 410 (1992) (stating general warrants are proscribed by both the fourth amendment and Code § 19.2-54).
There are no applicable exceptions that would validate the seizure of objects other than the package. The items seized from the upstairs room at least thirty minutes after the *141 package was found were not in plain view, see Cantrell v. Commonwealth, 7 Va.App. 269, 282, 373 S.E.2d 328, 334 (1988), and the actions of the police did not fall under the so-called “good faith” exception. See McCary v. Commonwealth, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984). Viewed in the light most favorable to appellant, the police officers could not reasonably have believed that they were authorized to search the entire house for any and all marijuana found therein. Officer Byrum’s testimony belies such an assertion, as he specifically stated the sole object of the search was the delivered package. See generally United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); Atkins v. Commonwealth, 9 Va.App. 462, 389 S.E.2d 179 (1990).
Therefore, I would reverse appellant’s conviction because the police exceeded their authority to search.