## CIRCUIT COURT OF ALLEGHANY COUNTY

Commonwealth of Virginia

v.

Randall Jackson

October 20, 1995

BY JUDGE DUNCAN M. BYRD, JR.

In this Motion to Suppress, the defendant seeks suppression of the contraband which is the subject of his indictments on the grounds that the evidence was seized as a result of an unlawful seizure of the defendant's person. For reasons which follow, the Court agrees and will suppress the evidence.

The relevant facts are as follows.

At approximately 9:22 on the evening of December 8, 1994, Officer Kevin Hall of the Covington Police Department was proceeding north on South Lexington Avenue. He was in uniform in a plain white unmarked patrol car. He had in his possession an arrest warrant for Robby Burks and was looking for him. As he passed the Economy Store, an area known for open drug sales and other criminal activity, he observed two young black males standing to the left front of the store near an area described as the "cubby hole." He saw several other individuals inside the store. Thinking Mr. Burks may be in the area, he turned his vehicle around, pulled in front of the store, and exited his vehicle. At that time, only one young black male, which later turned out to be the defendant, remained on the sidewalk.

As Officer Hall stepped up on the sidewalk and approached the defendant, he smelled an odor of marijuana. The closer he got to the "cubby hole" area and Mr. Jackson, the stronger the odor of marijuana appeared to be. At this time, other than a casual greeting, Officer Hall engaged in no conversation with the Defendant even though he was only two feet from him. Suspecting the presence of drugs in the vicinity and related criminal activity, Officer Hall radioed for assistance/backup. Within two minutes,

three additional patrol vehicles and four additional Covington Police Officers arrived on the scene. The evidence does not indicate which of these officers were in uniform, presumably all of them.

These officers were all within the general vicinity of the store on either side of the defendant and in front of him. Officers Profitt and Hooker were located to the Defendant's immediate right rear searching the sidewalk and "cubby hole" for evidence of drugs and exercising crowd control. Officer Paxton was to the defendant's immediate left exercising crowd control. Officer Evans was also in the immediate vicinity of the store front exercising crowd control. At this time, Officer Hall asked the defendant if he had been smoking marijuana, to which the defendant answered no. After that, Officer Hall asked the defendant if he could search him for drugs, and the defendant consented to be searched. The search proceeded without incident until Officer Hall reached his left inside pocket. At that time, Officer Hall felt something from the outside, but when he started to place his hand in Mr. Jackson's left inside pocket, the defendant ran. Officer Hall pursued and apprehended him approximately fifteen to twenty yards away, at which time Sgt. Profitt seized two small plastic baggies containing marijuana and a clear plastic sandwich bag containing crack cocaine from the Defendant's left inside pocket. This contraband constitutes the subject of both of the defendant's current criminal charges and this motion to suppress.

> Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations: (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as *Terry* stops, see *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), and (3) highly intrusive arrests and searches founded on probable cause. *Payne v. Commonwealth*, 14 Va. App. 86, 88, 414 S.E.2d 869, 869-70 (1992); *Iglesias v. Commonwealth*, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988) (en banc). [This case involves a consensual encounter between the police and Defendant.]
>
> A "consensual encounter between police and an individual has no Fourth Amendment implications unless accompanied by such 'coercion or show of force or authority by the officer . . . that would cause a person . . . reasonably to have believed that he or she was required to comply' and 'not free to leave'." *Green*, 17 Va. App. at 610, 440 S.E.2d at 140 (quoting *Common-*

*wealth v. Satchell*, 15 Va. App. 127, 131, 422 S.E.3d 412, 414 (1992)) . . . .

*Wechsler v. Commonwealth*, 20 Va. App. 162, 455 S.E.2d 722 (1995).

In *Green v. Commonwealth*, 17 Va. App. 606 (1994), the Court acknowledged that:

> the "*Mendenhall* test 'is necessarily imprecise' and 'flexible' " in order to accommodate " 'consistent application from one police encounter to the next'," irrespective of individualized reactions. *Satchell*, 15 Va. App. at 130, 422 S.E.2d at 414 (quoting *Chesternut*, 486 U.S. at 573-74) . . . .

*Id.* at 611.

A review of the numerous cases interpreting the aforesaid principles readily confirm this acknowledgment. Evidence in these cases is very fact specific.

In *Commonwealth v. Satchell*, 15 Va. App. 127, 422 S.E.2d 412 (1992), (*Satchell I*), and *Satchell v. Commonwealth*, 20 Va. App. 641, 460 S.E.2d 253 (1995), (*Satchell II*), the trial court found:

> that a person in Satchell's position would reasonably have believed that he was not free to leave or to disregard Buckovich's questions.

*Id.* at 644.

Applying the facts of this case to the aforesaid principles of law, this Court reaches a similar conclusion in this case. Accordingly, the evidence of the contraband and the circumstances of its discovery should be suppressed. In reaching this conclusion, the Court wishes to emphasize that Officer Hall personally did nothing oppressive, coercive, or overreaching. The Court's conclusion is based in view of the totality of the circumstances faced viewed by the defendant on this occasion.