COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION* BY
v.    Record No. 1018-01-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       SEPTEMBER 25, 2001
JASON SINCLAIR, S/K/A
 JASON R. SINCLAIR


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                        James A. Luke, Judge

            Susan M. Harris, Assistant Attorney General
            (Randolph A. Beales, Acting Attorney General,
            on brief), for appellant.

            Murray J. Janus (David E. Haynes; Bremner,
            Janus, Cook & Marcus, on brief), for
            appellee.


     Jason R. Sinclair (appellee) was charged with possession of

more than five pounds of marijuana with intent to distribute

pursuant to Code § 18.2-248.1 and transporting more than five

pounds of marijuana pursuant to Code § 18.2-248.01.  The trial

court suppressed evidence of marijuana discovered in the cargo

area of a rental truck.  The Commonwealth appeals to this Court

pursuant to Code § 19.2-398 contending, inter alia, that the

trial court erred in suppressing the evidence because appellee

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

had no standing to challenge the inventory search.[1]  We agree and reverse the order suppressing the evidence.

## I.  BACKGROUND

On review of the trial court's ruling granting a motion to suppress, the appellate court views the evidence in the light most favorable to the defendant, the prevailing party below, and grants him all reasonable inferences fairly deducible from that evidence.  Russell v. Commonwealth, 33 Va. App. 604, 535 S.E.2d 699 (2000); Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

So viewed, the evidence established that about 7:00 a.m. on May 22, 2000, Virginia State Trooper Thomas Maxwell (Maxwell) was dispatched to the scene of a single vehicle crash on northbound Interstate 95 in Prince George County.  Maxwell found an undamaged rental truck immobile in the median about five to ten feet from the edge of the interstate.

Maxwell asked appellee, the driver, for a copy of his driver's license and the rental agreement, which he produced. Appellee had a valid New York state commercial driver's license. However, the rental agreement listed Maureen Malvo of New York and Jason Wright of Florida as the only authorized drivers.

---

[1] The Commonwealth included in its appeal the trial court's rulings that no exigent circumstances existed to justify the search and that the inventory search exceeded its scope.  In light of our holding that appellee lacked standing to challenge the search, we do not address these issues.

Maxwell inquired where the "other [named driver] was" and appellee answered that he was alone. Maxwell asked appellee what he had on board and how much it weighed. Appellee responded that there was a box in the cargo area weighing about 300 pounds. Appellee claimed the contents of the crate were to be delivered to his aunt in Florida who owned a restaurant, but he was unable to tell Maxwell what was in the box or the name of the restaurant.

Appellee consented to Maxwell's request to look inside the rear of the vehicle. He unlocked and opened the door. A single wooden crate was the only item in the back of the truck. Maxwell again asked about the contents of the crate. Appellee responded that he did not know what was inside and refused to consent to opening the crate.

Trooper Smith (Smith) arrived on the scene. Maxwell returned to his car and called for a narcotics K-9. Appellee pulled the door down and put the padlock back on the truck. Smith then observed appellee run across the median toward the southbound lanes of the highway. Both officers chased the fleeing driver but were unable to catch him.

At about 8:30 a.m. Officer Chris Pascoe (Pascoe) arrived at the scene with a "narcotic detector" dog. The dog alerted on the rear of the van for the presence of narcotics. Smith then snapped off the padlock with a pair of bolt cutters and pried open the crate with a crowbar and hammer. No search warrant was

obtained for a search of the vehicle or the crate.  The crate contained boxes of marijuana.  The police apprehended appellee in Petersburg approximately four hours later.

At the suppression hearing, appellee argued that the rental vehicle and the crate were searched in violation of the Fourth Amendment and that none of the exceptions to the warrant requirement applied.  Appellee contended the search was invalid as a search incident to arrest, the inventory search was pretextual, and no exigent circumstances existed to justify the "automobile" exception of Carroll v. United States, 267 U.S. 132 (1925).

The trial court granted the motion to suppress because while the van was "abandoned" there were no exigent circumstances and the inventory search should have been limited to those items "that could be seen or reached without breaking into, without tearing up any locks."

## II.  SEARCH AND SEIZURE

When analyzing a Fourth Amendment challenge, "[u]ltimate questions of reasonable suspicion and probable cause . . . involve questions of both law and fact and are reviewed de novo on appeal."  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  In performing this analysis, the appellate court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to

support them and [it] give[s] due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  Id. at 198, 487 S.E.2d at 261.  The court will, "analyze a trial judge's determination whether the Fourth Amendment was implicated by applying de novo [its] own legal analysis of whether based on those facts a seizure occurred." Id.  See Satchell v. Commonwealth, 20 Va. App. 641, 648, 460 S.E.2d 253, 256 (1995) (en banc); see also Watson v. Commonwealth, 19 Va. App. 659, 663, 454 S.E.2d 358, 361 (1995). This Court must follow the, "exclusionary rule established by the United States Supreme Court in Weeks v. United States, 232 U.S. 383 (1914), and made applicable to the states by Mapp v. Ohio, 367 U.S. 643 (1961), whereby evidence obtained in violation of the Fourth Amendment proscription of unreasonable searches and seizures may not be used against an accused."  Hart v. Commonwealth, 221 Va. 283, 287, 269 S.E.2d 806, 809 (1980).

"It is settled, however, that the right afforded to persons by the Fourth Amendment – to be secure against unreasonable searches and seizures of 'their' persons and property – does not extend to abandoned premises or property."  Hawley v. Commonwealth, 206 Va. 479, 482, 144 S.E.2d 314, 316 (1965).  To determine whether appellee's conduct amounted to abandonment, it is necessary to examine his interest in the rental truck.  The record does not disclose whether appellee had the authorized drivers' permission to possess or use the van.  It only shows

that appellee was driving the rental truck on May 22, 2000 when it became stuck in the median of the highway.  However, assuming, without deciding, that appellee was lawfully in possession of the truck, we have "at most the question of abandonment of the mere right of possession, and not the abandonment of ownership.  Admittedly, intention is a prime factor in determining whether there has been an abandonment.  And courts must determine intent . . . from the objective facts at hand."  Id. at 483, 144 S.E.2d at 317.  "Abandonment may be demonstrated, for example, when a suspect leaves an object unattended in a public place."  United States v. Most, 876 F.2d 191, 196 (D.C. Cir. 1989).

In the instant case, credible evidence supports the trial court's determination that appellee abandoned the vehicle.  Appellee fled the scene of the accident and was apprehended more than three hours later in the City of Petersburg.  Appellee left the van immobile in the median of the highway and gave no indication that he intended to return.  The evidence establishes appellee's intention to abandon the rental van and surrender any possessory interest he may have had in it or in its contents.

Having found that appellee has no interest in the van or its contents, he has no standing to challenge the subsequent search.  See United States v. Wellons, 32 F.3d 117 (4th Cir. 1994) (a warrantless search of a rental vehicle in the possession of an unauthorized driver was not a violation of the

- 6 -

Fourth Amendment as one who has no legitimate claim to the car he was driving cannot reasonably assert an expectation of privacy in the contents found in the car); United States v. Thomas, 864 F.2d 843, 845 (D.C. Cir. 1989) (a warrantless seizure of abandoned property is not a violation of the Fourth Amendment as one who voluntarily abandons property forfeits any expectation of privacy he or she may have in it); United States v. Edwards, 441 F.2d 749 (5th Cir. 1971) (defendant's right to Fourth Amendment protection ended when he abandoned his car on a public highway and fled on foot as he no longer had reasonable expectation of privacy with respect to the automobile).

Because appellee abandoned the rental truck, its search and the seizure of the marijuana inside violated no protected Fourth Amendment right.

Reversed and remanded.