COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


DAVID EVAN BROWN

                                    MEMORANDUM OPINION* BY
v.    Record No. 1666-00-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         OCTOBER 16, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Matthew T. Paulk, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Susan M. Harris, Assistant Attorney General
            (Mark L. Earley, Attorney General; Shelly R.
            James, Assistant Attorney General, on brief),
            for appellee.


     David Evan Brown (appellant) was convicted in a bench trial

of possession of a firearm while in possession of cocaine with

intent to distribute, possession with intent to distribute

cocaine, and possession of a firearm by a convicted felon.

Prior to trial, appellant was held without bond. Appellant

contends the trial court erred in (1) failing to uphold a facial

challenge to the constitutionality of Code § 19.2-120(B), and

(2) refusing to suppress evidence recovered during a

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

warrantless, nonconsensual search of appellant's apartment.  For the following reasons, we affirm appellant's convictions.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it.  See Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

### A.  OFFENSE

So viewed, the evidence established that three police officers, including Detective John O'Connor, were on patrol in an unmarked van in an area known to be an open air drug market.  They were flagged down in front of 2310 North 23rd Street by a man they believed was attempting to sell them drugs.  O'Connor saw an elderly man sitting on the porch of the residence.  O'Connor asked him if it was his apartment.  The man said it was not and he was there to visit "Heavy."

O'Connor went to the apartment, and appellant and codefendant Whittaker answered the door.  O'Connor discussed the drug activity in the area with them.  Appellant told O'Connor he smoked marijuana but did not have any at the time.  O'Connor asked Whittaker if he could come in and look in the trash can.

-

She said she had just emptied the trash, but brought the trash can to him. O'Connor saw plastic bags with the corners removed stuck to the bottom of the trash can. O'Connor then asked Whittaker if he could look in the trash can outside. She told him it was "out the back door." She met O'Connor behind the residence and indicated which trash can contained the trash she recently emptied. Inside the can were numerous bags with the corners removed and "corner bags" with white powder residue. Based on his training and experience, O'Connor believed these items to be evidence of drug trafficking.

O'Connor asked Whittaker if there was anyone else inside the apartment. Whittaker said "no." O'Connor then asked her if there were any guns inside. Whittaker hesitated, looked away, and then stated "[N]ot that I know of." O'Connor returned to the front door and asked appellant for permission to search the residence. Appellant refused and said "his girlfriend Tonya" was inside. Based on the conflicting responses, O'Connor became concerned for his safety and the possible destruction of evidence. O'Connor went into the house, looked for other occupants and finding none, secured the premises while he obtained a search warrant.

At trial, appellant moved to suppress the evidence of drugs and the gun because the officers entered his apartment without first obtaining a warrant. The trial court denied the motion based on the "totality of the circumstances" and determined that

-

credible evidence supported the officer's concern for his safety and the possible destruction of evidence.

B.   BOND

Appellant was arraigned in general district court, and his bond was set at $101,000.  The Commonwealth appealed requesting the circuit court to apply the presumption of Code § 19.2-120(B).  Appellant presented no evidence to rebut the presumption.  The circuit court revoked appellant's bond and denied bail.  Appellant did not appeal the decision to deny bond.

II.   CONSTITUTIONALITY OF CODE § 19.2-120(B)

Appellant contends that Code § 19.2-120(B)[1] is unconstitutional as drafted because it violates the Due Process

---

[1] Code § 19.2-120(B) provides in pertinent part:

> The judicial officer shall presume, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of the public if the person is currently charged with:
>
>  *      *      *      *      *      *      *
>
> 3.  A violation of §§ 18.2-248, 18.2-248.01, 18.2-255 or § 18.2-255.2 involving a Schedule I or II controlled substance if . . . the maximum term of imprisonment is ten years or more and the person was previously convicted of a like offense[;]
>
> 4.  A violation of §§ 18.2-308.1, 18.2-308.2, or § 18.2-308.4 and which relates to a firearm and provides for a minimum, mandatory sentence; [or]

-

Clause of the Fifth Amendment.  Appellant concedes that he does not challenge the applicability of the statute as it applies to him.  We hold that appellant is barred from raising a facial constitutional challenge.

An individual may only challenge the constitutionality of a law as it applies to him or her.  See Coleman v. City of Richmond, 5 Va. App. 459, 463, 364 S.E.2d 239, 241-42 (1988) (citing Grosso v. Commonwealth, 177 Va. 830, 839, 13 S.E.2d 285, 288 (1941)).  "That the statute may apply unconstitutionally to another is irrelevant.  One cannot raise third party rights." Id. at 463, 364 S.E.2d at 242.

Nor is the instant case one of the limited exceptions to the general standing required to maintain such a challenge. This is neither a case in which the First Amendment is implicated nor is it an instance where there is no other "effective avenue of preserving [his] rights."  See Broderick v. Oklahoma, 413 U.S. 601 (1973); Code § 19.2-124.[2]

For the foregoing reasons, we conclude that appellant falls within the general rule that one who attacks the

---

5.  Any felony, if the person has been
convicted of two or more offenses described
in subdivision 1 or 2, whether under the
laws of this Commonwealth or substantially
similar laws of the United States[.]

[2] We note that appellant failed to appeal the circuit court's denial of his pretrial bond pursuant to Code § 19.2-124. This issue is moot because he now stands convicted of the underlying offenses.  See Murphy v. Hunt, 455 U.S. 478 (1982).

-

constitutionality of a statute must establish that his own rights are infringed and, thus, he has no standing to facially challenge Code § 19.2-120(B).

### III. MOTION TO SUPPRESS

Appellant next contends the trial court erred in allowing evidence found in the warrantless search of his residence. In reviewing the trial court's denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth. See Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998). On appeal, the burden is on appellant to show that the denial of the motion to suppress was reversible error. See Purdie v. Commonwealth, 36 Va. App. 178, 184, 549 S.E.2d 33, 36 (2001). "'Ultimate questions of reasonable suspicion and probable cause' . . . involve questions of both law and fact and are reviewed de novo on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). The appellate court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and [it] give[s] due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261. A trial court's determination of the facts is given great weight because it is "not limited to the stark, written record," but "has before it the living witnesses and can observe their

-

demeanors and inflections."  Satchell v. Commonwealth, 20 Va. App. 641, 648, 460 S.E.2d 253, 256 (1995).

Our analysis in this case is controlled by Crosby v. Commonwealth, 6 Va. App. 193, 367 S.E.2d 730 (1988).  In Crosby, we held a limited "securing the premises" exception to the warrant requirement is available to law enforcement when necessary to preserve evidence and ensure their safety.  The criteria for applying this exception includes:  the police must (1) have probable cause to believe evidence is on the premises; (2) believe delaying entry would create a substantial risk that the evidence will be lost or destroyed; and (3) not create their own exigencies.  Id. at 201, 367 S.E.2d at 735.  See Segura v. United States, 468 U.S. 796 (1984).

"'[I]n determining whether . . . circumstances were sufficient to overcome the presumption of unreasonableness and justify a warrantless entry, the court must examine the circumstances as they reasonably appeared to the law enforcement officers on the scene [when the decision to enter was made].'"  Crosby, 6 Va. App. at 201, 367 S.E.2d at 735 (quoting Verez v. Commonwealth, 230 Va. 405, 411, 337 S.E.2d 749, 753 (1985)).  Because only a "limited security check of the premises for people who might destroy evidence is warranted" under this exception, the circumstances justifying entry are not as stringent as the "exigent circumstances" requirement.  Id.

-

Applying this standard to the instant case, the evidence supports the trial court's finding of admissibility.  The trial court believed O'Connor's version of events.

> [B]ased on what I found on both the trash cans; activity I had seen when we pulled up, the person flagging us down and the person sitting outside of the house; the bag corners in the trash can inside of the house; the bags with the residue and the bag corners in the rear trash can; the statements by Ms. Whittaker that there wasn't anybody else in the house and then Mr. Brown telling me that there was somebody else in the house; her answer about firearms, I felt at that time I should go in and make sure there was nobody in there with a weapon or that was destroying the drugs.

His testimony provided probable cause to believe that drugs were in the apartment; that there might be others in the apartment with access to firearms and the ability to destroy the evidence; and lastly, the police did nothing to create the exigency.

Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>