COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Malveaux and Senior Judge Clements
Argued by teleconference

UNPUBLISHED

ANTONIO JERMAINE SPENCER

MEMORANDUM OPINION[*] BY
v.      Record No. 1044-19-2          JUDGE MARY BENNETT MALVEAUX
                                     JULY 21, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Joi Jeter Taylor, Judge[1]

Lauren Whitley, Deputy Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Antonio Jermaine Spencer ("appellant") was convicted of carrying a concealed weapon,

second offense, in violation of Code § 18.2-308, and possession of a firearm by a convicted

felon, in violation of Code § 18.2-308.2.[2] He argues the trial court erred in denying his motion to

suppress because he was unconstitutionally seized and did not consent to the search that

ultimately led to the discovery of the firearm. For the following reasons, we affirm the trial

court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Taylor presided at the June 7, 2019 sentencing hearing from which appellant
noted his appeal. She also presided at the hearing on appellant's pretrial motion to suppress.
The Honorable Walter W. Stout, III, presided at appellant's jury trial.

[2] Appellant was also convicted of misdemeanor possession of marijuana, in violation of
Code § 18.2-250.1. That conviction was not appealed.

## I. BACKGROUND

"On appeal of the denial of a motion to suppress evidence, settled principles require the appellate court to consider the evidence introduced at the suppression hearing and at trial." Salahuddin v. Commonwealth, 67 Va. App. 190, 202 (2017). Further, "[u]nder familiar principles of appellate review, we will state '[that] evidence in the light most favorable to the Commonwealth, the prevailing party [below].'" Chavez v. Commonwealth, 69 Va. App. 149, 153 (2018) (quoting Sidney v. Commonwealth, 280 Va. 517, 520 (2010)).

So viewed, the evidence demonstrates that on April 10, 2017, appellant visited a friend's home in Richmond's Mosby Court community. At around 10:00–10:30 p.m., appellant left the home with another friend and began walking back to his wife's car. As the two men turned a corner, appellant "was blinded by a flashlight" and "couldn't see anything."

The flashlight was lowered, and appellant could see two police officers standing directly in front of him. Officers Baer and Kelly of the Richmond Police Department were conducting a uniformed foot patrol. They stated that they were checking for trespassers in the area, and Baer asked the men if they lived in Mosby Court. Appellant and his companion replied that they did not.

Officer Baer then asked appellant and his companion for identification, and appellant handed Baer a Virginia I.D. card. While Officer Kelly recorded information from appellant's I.D., Baer engaged appellant in "general conversation, just chitchat." Baer testified that his tone of voice in speaking with appellant was "casual" and that he neither told appellant that he was free to walk away nor that appellant could not continue walking.

According to appellant, he had "already gotten [his] I.D. back" and was "waiting on" the officers to tell him "that [he] could go" when Baer began to ask him about a pill bottle he could see in an open cargo pocket of appellant's pants. Baer testified that he asked appellant "if [he]

had a prescription for the pill bottle" and that appellant said no. Baer then asked appellant if he could see the bottle, and appellant removed it from his pocket and handed it to Baer. The bottle was blue, "kind of translucent," and lacked a label. Baer opened the bottle and discovered "[m]ultiple bags of a green leaf substance" which he suspected was marijuana. The officer then conducted a pat-down search of appellant and found a firearm.

Appellant filed a pretrial motion to suppress the evidence. He argued that he had been unlawfully seized by officers who lacked both probable cause and a reasonable articulable suspicion of criminal wrongdoing and that Baer's warrantless seizure and search of the pill bottle had thus been unlawful. Consequently, appellant contended, the subsequent search of his person "flow[ed] from the illegal seizure" and "the discovered items are therefore inadmissible as 'fruit of the poisonous tree.'"

Following a hearing, the trial court granted appellant's motion. The court found that appellant had been seized when he complied with the request for identification, the pill bottle had been unlawfully seized and searched, and "the discovery of the gun during the pat down of [appellant's] person was the direct result of the unlawful seizure and search of the pill bottle."

The Commonwealth appealed the trial court's ruling on the motion to suppress.[3] A panel of this Court unanimously held that appellant was not seized for Fourth Amendment purposes "at any point prior to the discovery of the marijuana"; rather, appellant's interaction with the officers up to that point had been consensual. Commonwealth v. Spencer, No. 1821-17-2, at *4 (Va. Ct. App. May 1, 2018). A majority of the panel also held that when appellant "voluntarily gave the pill bottle to [Officer] Baer," a "typical reasonable person would [have] conclude[d] that consent had been given" for the officer to open the bottle. Id. at *7, *10. Thus, because appellant's "actions viewed in context evidenced consent for Baer to open the pill bottle, . . .

---

[3] See Code § 19.2-398(A)(2) (permitting such pretrial appeals in felony cases).

Baer's doing so did not offend the Fourth Amendment." Id. at *11. Although there was "no question that [appellant] was seized for Fourth Amendment purposes after the discovery of the marijuana . . . , at that point, the officers had probable cause to arrest him as a result of the discovery of the [drug]." Id. at *7 n.7. The Court reversed the trial court's ruling on the motion to suppress and remanded the matter for further proceedings. Id. at *12.

At trial upon remand, the court heard evidence from Officers Baer and Kelly about their encounter with appellant and the circumstances of the discovery of the pill bottle, marijuana, and firearm. When the Commonwealth sought the pill bottle's admission into evidence, counsel for appellant objected on grounds of relevance. Specifically, appellant's counsel stated that "[t]he pill bottle is not relevant to either of the gun charges that are being tried here today. It [was] filled with marijuana, but it has nothing to do with the firearm that's at issue in the case." The Commonwealth responded that the bottle was "relevant. This is the reason the pat-down occurred." The trial court overruled appellant's objection "for that reason."

Counsel for appellant also objected to the firearm's admission into evidence. When it was marked for identification by the trial court, appellant's counsel stated, "I will have an objection to the gun, just based on my previous motion to suppress, just to preserve that issue for appeal. . . . That's my objection to the gun once chain of custody is established." The trial court replied, "I'll just put that on the record when it comes in so you maintain [the objection] if the [chain of] custody is established." When the Commonwealth moved to admit the firearm, counsel for appellant stated, "we just renew our previous objection." The trial court replied, "All right. That is noted and placed in the record." The trial court did not rule on appellant's objection.

The jury convicted appellant of carrying a concealed weapon, second offense, in violation of Code § 18.2-308, and possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2. This appeal followed.

## II. ANALYSIS

Appellant argues he had been unconstitutionally seized for Fourth Amendment purposes at the time that Officer Baer came into possession of the pill bottle. Thus, appellant contends, any alleged consent by him to the search of the pill bottle was invalid. Appellant also argues that he did not consent to the search of the pill bottle, because an objectively reasonable person would not have understood Officer Baer's request to see the bottle as a request to search it; instead, such a person would have understood the request to indicate "simply [that the officer] wanted to observe the outside of the bottle." Further, appellant contends, "[n]o . . . actions or circumstances surrounding the interaction establish that [appellant] consented to a search of the pill bottle."

It is well established that "when a party fails to obtain a ruling on a matter presented to a trial court, there is 'no ruling [for this Court] to review on appeal.'" Bethea v. Commonwealth, 68 Va. App. 487, 498 (2018) (alteration in original) (quoting Schwartz v. Commonwealth, 41 Va. App. 61, 71 (2003)). See also Williams v. Commonwealth, 57 Va. App. 341, 347 (2010) ("Because appellant did not obtain a ruling from the trial court . . . , 'there is no ruling for [this Court] to review' on appeal, and his argument is waived under Rule 5A:18." (quoting Fisher v. Commonwealth, 16 Va. App. 447, 454 (1993))).

We hold that appellant failed to preserve his arguments for appellate review because at trial, he did not obtain any ruling from the court on a Fourth Amendment objection. In his pretrial motion to suppress, appellant did object to the admissibility of both the pill bottle and the firearm on Fourth Amendment grounds. The trial court granted appellant's motion and, upon

- 5 -

appeal by the Commonwealth, this Court reversed the trial court's exclusion of the evidence.  At

trial upon remand, evidence about appellant's encounter with the police and the discovery of the

contraband was presented anew to the trial court.  Appellant then "renew[ed] [his] previous

objection" to the firearm's admission into evidence "based on [his] previous motion to suppress"

on Fourth Amendment grounds.[4]  However, as noted above, the trial court did not rule on

appellant's renewed Fourth Amendment objection at trial, stating only that it would "put that on

the record" and that the renewed objection was "noted and placed in the record."  This failure to

obtain a ruling on his Fourth Amendment objection to the evidence at trial leaves us with "no

ruling . . . to review on appeal."[5]  Bethea, 68 Va. App. at 498 (quoting Schwartz, 41 Va. App. at

71).

In reaching our conclusion that appellant's failure to obtain a ruling on his Fourth

Amendment objection at trial waived any Fourth Amendment arguments on appeal, we find

_____

[4] We note that although appellant renewed his objection to the firearm's admission into evidence on Fourth Amendment grounds, he made no such objection with respect to the pill bottle.  When the Commonwealth sought the bottle's admission into evidence, appellant raised only a relevance objection and was silent with respect to his previous Fourth Amendment objection to the bottle.  By not raising at trial an objection based upon the allegedly unlawful seizure and search of the pill bottle, appellant waived any Fourth Amendment objection to Officer Baer's acquisition of the bottle and discovery of the marijuana within.  See McDuffie v. Commonwealth, 49 Va. App. 170, 177 (2006) (noting that "[i]n order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity'" (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621 (1986))); Arrington v. Commonwealth, 53 Va. App. 635, 641-42 (2009) (holding that the appellant had waived his argument on appeal that evidence was the product of an illegal search and seizure when he did not object to its admission on that basis at trial); Rule 5A:18.  In turn, appellant's waiver of any argument that the discovery of the marijuana offended the Fourth Amendment necessarily waived any argument that the firearm found incident to his arrest for drug possession offended the Fourth Amendment.

[5] In his reply brief, appellant contends that his Fourth Amendment argument was preserved for appeal because the trial court "ma[d]e a ruling denying [his] motion to suppress." This is so, appellant argues, because this Court's order in Commonwealth v. Spencer "was adopted by the trial court, therefore denying [appellant's] motion to suppress."  Appellant does not indicate where in the record the trial court "adopted" this Court's order in Spencer and thus "mad[e] a ruling" denying his motion to suppress.  We note that the trial court made no reference to this Court's order, either from the bench at trial, in its trial order, or in its sentencing order.

- 6 -

instructive our ruling in <u>Satchell v. Commonwealth</u>, 20 Va. App. 641 (1995) (*en banc*). In <u>Satchell</u>, as in the instant case, the Commonwealth successfully appealed the trial court's ruling granting the defendant's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment. <u>Id.</u> at 644-45. Also similar to this case, at trial upon remand in <u>Satchell</u>, the circumstances of the discovery of the contraband and its admissibility were again at issue and the court heard further evidence on those matters. <u>Id.</u> at 645-46. Although after hearing the evidence, the trial court in <u>Satchell</u> "[a]dher[ed] to its previous factual findings and reaffirm[ed] its earlier conclusion," it nonetheless acknowledged that it was "fully aware of [its] obligation to follow the holdings of the Court [of Appeals]." <u>Id.</u> at 646 (final alteration in original). The court then stated that "for that reason I deny [the objection to the evidence].'" <u>Id.</u> (alteration in original). Thus, it is clear from <u>Satchell</u> that notwithstanding a reversal by this Court of a trial court's suppression of evidence, at trial on remand, a defendant must again raise and obtain a ruling on his Fourth Amendment objection in order to preserve his Fourth Amendment arguments for further appellate review.[6]

### III. CONCLUSION

For the foregoing reasons, we hold that appellant failed to preserve his Fourth Amendment arguments for appellate review. Accordingly, we affirm.

<u>Affirmed.</u>

---

[6] We note that as a logical matter, in the absence of a ruling at trial on appellant's motion to suppress on Fourth Amendment grounds, the only ruling left for our review with respect to that issue would be our own previous ruling in <u>Commonwealth v. Spencer</u>.

Russell, J., concurring in part and dissenting in part.

Although I agree with my colleagues that appellant's convictions should be affirmed, I disagree with their rationale. Specifically, I respectfully dissent from the majority's holding that appellant waived his motion to suppress/Fourth Amendment objection to the admission of the firearm into evidence.

As the majority notes, at trial appellant specifically and unequivocally objected to the admission of the firearm for the reasons stated in his pretrial motion to suppress. When the issue was first raised, appellant's counsel objected to the admission of the firearm "based on my previous motion to suppress" and noted she was doing so "to preserve that issue for appeal."[7] Demonstrating that it was aware of the objection, the trial court replied "I'll just put that on the record when it comes in so you maintain" the objection. Later, when the Commonwealth actually moved to admit the firearm, counsel for appellant stated, "we just renew our previous objection." The trial court replied, "All right. That is noted and placed in the record."

The majority acknowledges that appellant timely and specifically objected to the admission of the firearm for the reasons stated in his pretrial motion to suppress, but contends that the trial court never ruled on that objection. I disagree. Although it never used the words "overruled" or "I deny the motion to suppress, and therefore, admit the firearm as evidence," the trial court clearly rejected the objection. We know this because, after twice acknowledging appellant's objection to the admission of the firearm into evidence, the trial court admitted the firearm into evidence over that objection. Because the ultimate admission of an exhibit into evidence is the *sine qua non* of overruling an objection to the admission of that exhibit, the trial

---

[7] Counsel's statement that she was placing her objection on the record "to preserve that issue for appeal" cannot be read fairly as a waiver of that objection. Rather, it represents counsel's recognition that the trial court could not refuse to admit the firearm as evidence on Fourth Amendment grounds because we had already ordered it not to do so. Accordingly, appellant could only vindicate that objection on appeal.

court's admission of the firearm is, in and of itself, a ruling on the objection. Accordingly, I dissent from the majority's conclusion that appellant waived his motion to suppress/Fourth Amendment objection to the admission of the firearm.

Having concluded that appellant did not waive his Fourth Amendment objection to the admission of the firearm, I turn to the merits of that objection. For the reasons stated by the majority in Commonwealth v. Spencer, No. 1821-17-2 (Va. Ct. App. May 1, 2018) ("Spencer I"),[8] I conclude that neither the search that led to the discovery of the firearm nor its seizure offended the Fourth Amendment. Accordingly, the firearm was properly admitted into evidence at appellant's trial. Thus, I would affirm his convictions on that basis, and therefore, concur in the judgment.

---

[8] In Spencer I, Spencer was the appellee, and thus, the evidence was viewed in the light most favorable to him. Despite this favorable view of the evidence, a majority ruled against Spencer in Spencer I. Here, Spencer is now the appellant and conceded both on brief and at oral argument in this Court that, regarding his argument that the search and seizure that led to the discovery of the firearm violated the Fourth Amendment, we now must view the evidence in the light most favorable to the Commonwealth. Obviously, this change in our view of the evidence does not weaken the conclusion of the Spencer I majority that Spencer's Fourth Amendment claim fails.